WEST BEND MUTUAL INSURANCE COMPANY, as Subrogee of John Cencig, Plaintiff-Appellee, v. NICANDRO HERRERA *et al.*, Defendants-Appellants.

First District (4th Division)    No. 1—95—3577

Opinion filed September 30, 1997.

Parrillo, Weiss & O'Halloran, of Chicago (Keely Truax, of counsel), for appellants.

Mathein & Rostoker, P.C., of Chicago (Glyn Rostoker, of counsel), for appellee.

JUSTICE BURKE delivered the opinion of the court:

Defendants Nicandro Herrera and Francisco Herrera (the Herreras) appeal from an order of the circuit court of Cook County debarring them from rejecting an arbitration award issued against them and in favor of plaintiff West Bend Mutual Insurance Company (West Bend). On appeal, the Herreras argue that: (1) they could not be barred from rejecting the arbitration award under Illinois Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)); (2) they could not be barred from rejecting the award under Illinois Supreme Court Rule 90(g) or Rule 237 (145 Ill. 2d R. 90(g); 134 Ill. 2d R. 237); (3) there were no grounds for barring their rejection of the award; (4) the trial court's application of the Illinois Supreme Court rules denied them equal protection of the laws; (5) the trial court's denial of a trial by jury violated the due process clause; (6) debarring them from rejecting the award deprived them of their constitutional right to a trial by jury; (7) debarring them from rejecting the award violated the enabling statute; and (8) debarring them from rejecting the award was an excessive sanction. For the reasons set forth below, we reverse.

On July 1, 1994, West Bend filed a complaint against the Herreras alleging negligence and seeking damages as a result of an automobile collision between West Bend's insured, John Cencig, and a car driven by Nicandro and owned by Francisco, which occurred on July 23, 1993. The Herreras filed an appearance, an answer with affirmative defenses, and a jury demand. Thereafter, West Bend filed a "Notice to Produce at Trial and Arbitration Hearing," pursuant to Illinois Supreme Court Rules 237 (134 Ill. 2d R. 237) and 90(g) (145 Ill. 2d R. 90(g)), and section 2—1102 of the Illinois Code of Civil Procedure (735 ILCS 5/2—1102 (West 1992)), requesting that the Herreras appear at the commencement of West Bend's case in chief.

On October 27, 1994, West Bend filed a notice of deposition for Nicandro Herrera, but the deposition was subsequently cancelled. Thereafter, the trial court assigned the case to mandatory arbitration and, on June 22, 1995, the arbitration hearing was held. The record does not contain a transcript of that hearing. It is undisputed,

however, that both Francisco and Nicandro Herrera appeared at the hearing with counsel. The arbitrators issued an award in favor of West Bend in the amount of $3,952. The award did not state any other findings. The Herreras filed a timely notice of rejection of the award and requested a trial pursuant to Supreme Court Rule 93. 145 Ill. 2d R. 93.

Thereafter, West Bend filed a motion to bar the Herreras from rejecting the arbitration award, arguing that while Nicandro Herrera appeared at the arbitration hearing, when called to testify during West Bend's case in chief, Nicandro "advised all persons present at the arbitration hearing that he did not speak any [E]nglish." West Bend also stated that the Herreras did not provide an interpreter at the hearing, and neither of the Herreras testified in either West Bend's case in chief or the Herreras' case in chief. West Bend argued that because Nicandro failed to testify pursuant to its notice to produce under Rule 237(b) (134 Ill. 2d R. 237(b)), and failed to testify in his own behalf, he failed to participate in good faith as required by Rule 91 (145 Ill. 2d R. 91). West Bend further argued that, as a result of Nicandro Herrera's failure to testify, he prevented a meaningful arbitration hearing from occurring.

In their response to West Bend's motion to bar their rejection of the arbitration award, the Herreras contended that they had complied with Rule 237 based on the fact that they both appeared at the arbitration hearing. They also contended that no rules existed requiring them to provide a translator at the hearing and that West Bend knew prior to the hearing that Nicandro would require a translator because West Bend had cancelled Nicandro's deposition for that same reason. The Herreras further contended that debarment from rejecting the arbitration award would be an improper sanction because, pursuant to the rules, there are only two grounds for barring a party from rejecting an award—when a party was either not present at the hearing either in person or by counsel or where a party failed to participate in the hearing in good faith and in a meaningful manner and the arbitration panel makes such an express finding—and the Herreras' actions did not fall within either of these two categories. The Herreras also contended that Rule 237 did not require a party to provide an interpreter but, rather, only that the party "appear" at the proceedings. An affidavit was attached to the Herreras' response from the Herreras' attorney, Molly Wood, which stated that Wood and the Herreras were present at the arbitration hearing, Nicandro Herrera spoke broken English, and Wood actively participated in the arbitration hearing "by making an opening statement, cross-examining the Plaintiff and making a closing

argument denying Defendants' negligence and responsibility for the Plaintiff's property damage."

In reply to the Herreras' response to its motion, West Bend argued that the Herreras' attorney was aware that Nicandro did not speak English; West Bend was not aware that Nicandro did not speak English; the Herreras had a duty to ensure their availability to testify and to provide a translator; the Herreras' attorney did not suggest at the hearing that Nicandro could speak broken English but rather stated that he only spoke Spanish; and Nicandro never spoke in English at the hearing. West Bend contended that because Nicandro did not testify at the arbitration hearing, he should be precluded from testifying at the trial. West Bend further contended that Nicandro's failure to testify violated Rule 237 because this rule "requires the appearance of the party for purposes of said party being a witness," and Nicandro's "failure to testify [was] therefore a violation of the spirit of Rule 237." West Bend argued that because of this "violation," the trial court could exclude or debar Nicandro from testifying at trial.

On September 15, 1995, the trial court entered an order, ruling that Nicandro Herrera "failed to participate in a meaningful manner and in good faith by failing to testify at the arbitration hearing in both Plaintiff[']s case pursuant to plaintiff[']s 237 notice and in Defendant[']s case in chief"; that Nicandro was therefore "debarred from Rejecting the arbitration award"; "and judgment on the award in the amount of $3,952.00 plus costs is entered in favor of Plaintiff [(West Bend)] and against the Defendants [(Herreras)]." The record does not include any transcripts of the hearing on West Bend's motion. This appeal followed.

The Herreras contend that they could not be barred from rejecting the arbitration award under Supreme Court Rule 91(b) because "the arbitration panel alone has the power to make a determination" in its award that they failed to participate in the hearing in good faith and in a meaningful manner, and that "[n]othing in that rule extends that power to the court." According to the Herreras, absent a finding of bad-faith participation, "[c]learly Supreme Court Rule 91(b) was not intended to allow the court to make its own independent finding of bad-faith participation," especially in light of the fact that the trial court was not in any position to evaluate their conduct at the arbitration hearing because it had no transcripts from the hearing upon which to base any ruling.

West Bend argues that "there is no conjunctive requirement [in Rule 91(b)] that an arbitration panel finding of bad-faith participation must precede a lower court's ability to debar a rejection [of an arbitration award]" but, rather, Rule 91(b) only indicates that such a

finding by the arbitration panel is *prima facie* evidence that a party failed to participate in good faith or in a meaningful manner, which "indicates the intent of \*\*\* Rule 90(g) for a hearing to be conducted in which evidence is presented for the trial court to make its ultimate decision as to whether or not bad-faith participation occurred and whether or not a debarment of rejection is justified."

■ "Interpreting Supreme Court Rules involves the same principles that are applicable when interpreting statutes. [Citation.] The primary rule of statutory interpretation is that the court should ascertain and give effect to the intent of the legislature." *Furniss v. Resnick*, 286 Ill. App. 3d 318, 320, 676 N.E.2d 8 (1997). Supreme Court Rule 93(a) sets forth the procedure by which a party may reject an arbitration award. The rule provides that "[w]ithin 30 days after the filing of an award with the clerk of the court, and upon payment of the sum of $200 to the clerk of the court any party who was present at the arbitration hearing \*\*\* may file with the clerk a written notice of rejection of the award and request to proceed to trial." 145 Ill. 2d R. 93(a). The rule also provides that "[t]he filing of a notice of rejection shall not be effective as to any party who is debarred from rejecting an award." 145 Ill. 2d R. 93(a).

■ Supreme Court Rule 91 specifically provides for two circumstances when a party may be barred from rejecting an arbitration award. Subsection (a) provides that if a party fails to be present, "either in person or by counsel," at an arbitration hearing, that party waives the right to reject the award. 145 Ill. 2d R. 91(a). Subsection (b), which prescribes the degree of a party's participation at the hearing, provides:

> "All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner. *If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award. Such award* shall be *prima facie* evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party." (Emphasis added.) 145 Ill. 2d R. 91(b).

The committee comments following the rule indicate that subsection (b) was added in 1993 because "there were complaints by arbitrators that some parties and lawyers would merely attend but *refuse* to par-

ticipate in arbitration." (Emphasis added.) 145 Ill. 2d R. 91(b), Committee Comments. Subsection (b) was included to "discourage such misconduct." The comments also explain:

> "Arbitration must not be perceived as just another hurdle to be crossed in getting the case to trial. Good-faith participation, as required by this rule, was therefore intended to assure the integrity of the arbitration process." 145 Ill. 2d R. 91(b), Committee Comments.

■ We decline to hold that Rule 91(b) requires that the arbitration panel must first make a finding of failure to participate in a hearing in good faith and in a meaningful manner before a court can review the issue. As West Bend argues, Rule 91(b) only states that an arbitration panel's finding of bad faith is *prima facie* evidence that a party failed to participate in good faith or in a meaningful manner. Nowhere does the rule state that the arbitration panel must first make such a finding before a court can review the issue. Indeed, the committee comments following the rule emphasize the significance of good-faith participation and thus imply that review of this issue by the courts is desirable. In the present case, however, the arbitration panel did not make a finding of bad faith, and no transcripts exist from the hearing. Therefore, the trial court did not have a basis to determine whether the Herreras failed to participate in the hearing in good faith or in a meaningful manner. As this court has stated, "the arbitration panel members are in the best position to judge the participation of the parties before them," and "[w]ithout knowing everything that transpired during an arbitration hearing, it is difficult for the circuit court to make a judgment call without the assistance of the findings of the arbitration panel members." *Webber v. Bednarczyk*, 287 Ill. App. 3d 458, 463, 678 N.E.2d 701 (1997).

In addition, we find that the facts that Nicandro Herrera could not speak English and did not appear at the hearing with a translator, standing alone, did not constitute failure to participate in the hearing in good faith and in a meaningful manner. The Herreras appeared at the hearing with their attorney, Molly Wood, and Wood's affidavit indicated that she made an opening statement, cross-examined plaintiff, and made a closing argument in behalf of the Herreras. If West Bend believed that Nicandro's failure to provide a translator constituted bad faith, it should have requested that the arbitration panel make findings on the issue. As stated above, the arbitration panel is in the best position to determine whether a party has failed to participate in an arbitration hearing in good faith or in a meaningful manner, and without an adequate record of the proceedings or a finding by the panel of a failure to participate in good faith

and in a meaningful manner, the trial court cannot make its own determination of bad-faith participation.

The Herreras next contend that the trial court could not bar them from rejecting the award under Supreme Court Rule 90(g) or 237 because they both appeared at the hearing, and nothing in the rules provide that they are required to bring an interpreter, as argued by West Bend. West Bend contends that the trial court properly barred the Herreras from rejecting the arbitration award pursuant to Supreme Court Rules 90(g) and 237 because Nicandro's inability to speak English and the Herreras' appearance without an interpreter was "no different than electing not to be present at the arbitration hearing at all."[1]

■ Illinois Supreme Court Rule 90(g) provides:

"The provisions of Rule 237, herein, shall be equally applicable to arbitration hearings as they are to trials. The presence of a party may be waived by stipulation or excused by court order for good cause shown not less than seven days prior to the hearing. Remedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award." 145 Ill. 2d R. 90.

Rule 237 provides:

"(a) Service of Subpoenas. Any witness shall respond to any lawful subpoena of which he has actual knowledge ***. ***

(b) Notice of Parties, et al. The appearance at the trial of a party or a person who at the time of trial is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear." (Emphasis added.) 134 Ill. 2d R. 237.

■ We reject West Bend's argument that the Herreras failed to comply with Rule 237, thereby triggering imposition of the debarment sanction of Rule 90(g). West Bend's argument, that the Herreras' appearance was in effect no appearance "at all," basically amounts to the same argument it made that their participation at the arbitration hearing was not in good faith and in a meaningful manner. Rule 237 simply requires that a witness "appear," which the Herreras did; there is no provision that the witness provide an interpreter, if one is necessary. We therefore hold that Nicandro Herrera properly complied with Supreme Court Rule 237 because he appeared at the arbitration hearing and, therefore, was not subject to the application of the debarment sanction of Rule 90(g).

We briefly note that the cases relied on by West Bend in support

---

[1]West Bend's motion to debar was against Nicandro only. It is unclear from the record whether or not Francisco testified.

of its Rule 237 argument are distinguishable from the present case. In *Smith v. Johnson*, 278 Ill. App. 3d 387, 662 N.E.2d 531 (1996), and *Williams v. Dorsey*, 273 Ill. App. 3d 893, 652 N.E.2d 1286 (1995), the defendants, who had been properly served with Rule 237(b) notices to appear, failed to appear at their arbitration hearings and were subsequently debarred from rejecting the arbitration awards, whereas in the present case, both Nicandro and Francisco did appear at their arbitration hearing. In *Jara v. Municipal Court for the San Antonio Judicial District*, 21 Cal. 3d 181, 578 P.2d 94, 145 Cal. Rptr. 847 (1978), a non-English-speaking defendant argued that he was entitled to a court-appointed interpreter. The *Jara* court held that California courts are not required to appoint interpreters at public expense to assist litigants and stated that non-English-speaking litigants have "alternative sources for language assistance to communicate with counsel and other community professionals and officials," without stating which party should provide an interpreter if one is required. The *Jara* court further stated that the defendant's appearance at trial without the assistance of an interpreter did not deprive the defendant of a meaningful opportunity to be heard. *Jara*, 21 Cal. 3d at 186, 578 P.2d at 96-97, 145 Cal. Rptr. at 849-50. We briefly note that not only is *Jara* a California case and thus in no way controlling, but, in the present case, the same factual situation or issues are not presented. Rather, West Bend argues that the Herreras, not the court, should have provided their own interpreter and that the Herreras did not meaningfully participate in the arbitration hearing.

The Herreras next contend that no grounds existed for barring their rejection of the arbitration award because they complied with West Bend's Rule 237(b) notice to appear and the arbitration panel did not make a finding that they failed to participate at the hearing in good faith and in a meaningful manner. The Herreras argue that the supreme court rules do not list any other grounds for debarring a party from rejecting an arbitration award and, therefore, "the rules implicitly exclude all other grounds for barring rejection of an arbitration award." West Bend makes the same arguments as to this issue as it made to the issues discussed above. We are unable to say, under the facts of this case, that grounds existed for the trial court's imposition of debarment as a sanction against the Herreras in light of the absence of a transcript of the arbitration hearing and/or a finding by the arbitration panel that the Herreras failed to participate in the arbitration hearing in good faith and in a meaningful manner. Accordingly, we hold that the trial court erred in debarring the Herreras from rejecting the arbitration award, and the order

striking the rejection of the arbitration award is reversed and vacated.

Based on our holding, we need not address the Herreras' remaining arguments.

For the reasons stated, we therefore reverse the circuit court's order and remand the cause for further proceedings.

Reversed and remanded.

WOLFSON, P.J., and CERDA, J., concur.