THIRD DIVISION

OCTOBER 14, 1998

1-97-0125

STATE FARM INSURANCE COMPANY,   )  Appeal from the

as subrogee of Robin Depender, )  Circuit Court of

)  Cook County

Plaintiff-Appellee, )  

)

v. )

)

STELLA KAZAKOVA, )  Honorable Sidney

)  A. Jones III, Judge

Defendant-Appellant. )  Presiding.

JUSTICE DAVID CERDA delivered the opinion of the court:

The issue on appeal is whether a non-English-speaking defendant failed to participate in good faith and in a meaningful manner at a mandatory-arbitration hearing and violated the notice to appear by failing to provide a foreign-language interpreter so she could testify.  Defendant, Stella Kazakova, appeals from the orders of the circuit court of Cook County (1) finding that she did not participate in good faith and in a meaningful manner at the mandatory-arbitration hearing and that she violated the notice to appear by not appearing with a foreign-language interpreter; (2) sanctioning her by debarring her from rejecting 
the arbitration award in favor of plaintiff, State Farm Insurance Company, as subrogee of Robin Depender; and (3) denying her motion to vacate the sanction.  We reverse.

FACTS

In 1995, plaintiff filed a negligence complaint arising out an automobile collision between the vehicles of Depender and defendant.  Defendant filed an answer, denying the allegations of negligence.  Defendant also filed a jury demand.  

The case was assigned to mandatory arbitration.  The hearing was held on September 4, 1996, but the proceedings were not transcribed.  The arbitrators entered an award finding in favor of plaintiff and awarding damages.  The award stated in part: 

"We note for the record that defendant personally appeared pursuant to a proper Rule 237 request but was unable to testify due to her inability to speak and understand English.  In addition, we unanimously find that defendant failed to participate in the arbitration hearing in good faith for the following reasons: 1) Failed to produce a witness who was competent to testify; 2) Failed to present any evidence to counter the evidence presented by plaintiff on the issues of liability and damages; 3) Failed to present any evidence whatsoever in defense of the claim." 

Defendant filed a notice of rejection of the arbitration award.  Plaintiff moved the court to debar defendant from rejecting the mandatory-arbitration award and to enter judgment on the award.  The motion was based in part on defendant's failure to testify at the arbitration hearing due to her inability to speak English, her failure to bring an interpreter, and her failure to introduce any evidence in defense.  Plaintiff also sought sanctions under Supreme Court Rule 137 (155 Ill. 2d R. 137) for filing an answer in bad faith.  Defendant opposed the motion, arguing in part that she was not required to bring an interpreter.  

On December 30, 1996, the trial court made a finding that, because defendant "fail[ed] to appear" at the arbitration hearing "prepared to testify," she failed to participate in good faith and in a meaningful manner and violated plaintiff's notice to appear.  The trial court barred defendant from rejecting the arbitration award, entered judgment on the award in favor of plaintiff, struck defendant's rejection of the arbitration award, and denied plaintiff's motion for Supreme Court Rule 137 sanctions.

Defendant filed a motion to vacate judgment, which was denied.  

Defendant appealed. 

DISCUSSION

Defendant argues that (1) defendant's failure to speak English was not a failure to participate in good faith and in a meaningful manner and was not a violation of the notice to appear at the arbitration; (2) it was an excessive sanction to debar defendant from rejecting the arbitration award; (3) the actions of the trial court and the arbitration panel violated equal protection; and (4) Supreme Court Rule 91(b) (145 Ill. 2d R. 91(b)) is unconstitutional.  We find that it is not necessary for us to decide the constitutional issues.  

Plaintiff has moved to strike portions of defendant's reply brief that make new arguments in alleged violation of Supreme Court Rule 341(g) (155 Ill. 2d R. 341(g)), which requires that argument "shall be confined strictly to replying to arguments presented in the brief of the appellee."  

The first portion of plaintiff's reply brief that is challenged is the argument that plaintiff never intended to have defendant testify.  We strike this argument because it was waived by being raised for the first time in the reply brief.  
Sylvester v. Chicago Park District
, 179 Ill. 2d 500, 507, 689 N.E.2d 1119 (1997); 155 Ill. 2d R. 341(e)(7).

Plaintiff also has moved to strike the argument in the reply brief that defendant was not required to provide an interpreter, based on 
West Bend Mutual Insurance Co. v. Herrera
, 292 Ill. App. 3d 669, 686 N.E.2d 645 (1997), which was cited for the first time in defendant's reply brief.  Defendant could not have cited the case earlier because it was not issued until after her initial brief was filed.  In fact, the case was issued before plaintiff filed its appellee brief, and plaintiff should have cited it to this court: 
West
 
Bend
 deals with a similar issue, and plaintiff's attorney was aware of its recent issuance because he was the appellate attorney for the insurer in 
West
 
Bend
.  We decline to strike the argument.

The standard of review from sanctions imposed on parties to mandatory-arbitration proceedings is abuse of discretion.  
E.g.
, 
Williams v. Dorsey
, 273 Ill. App. 3d 893, 901, 652 N.E.2d 1286 (1995)).  But the primary issue on appeal--whether defendant's failure to provide an interpreter violated supreme court rules--

is a question of law.  The standard of review of a question of law is 
de
 
novo
.  
Illinois Life & Health Insurance Guaranty Ass'n v. Boozell
, 289 Ill. App. 3d 621, 628, 682 N.E.2d 291 (1997).

The arbitration in this case was scheduled pursuant to supreme court rules establishing a nonbinding, court-annexed arbitration system to resolve certain civil actions.  134 Ill. 2d Rs. 86 through 95; Introductory Comments, at 86.  Applicable to mandatory-arbitration hearings is Supreme Court Rule 237, which provides that the appearance at the trial of a party may be required by serving her with a notice.  166 Ill. 2d Rs. 90(g), 237.   

Supreme Court Rule 90(g) provides as follows:

"The provisions of Rule 237, herein, shall be equally applicable to arbitration hearings as they are to trials. *** Remedies upon a party's failure to comply with notice pursuant to Rule 237(b) may include an order debarring that party from rejecting the award."  166 Ill. 2d R. 90(g).

Supreme Court Rule 91(b) provides a standard for parties' conduct at the arbitration hearings:

"All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner.  If a panel of arbitrators unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, the panel's finding and factual basis therefor shall be stated on the award.  Such award shall be 
prima
 
facie
 evidence that the party failed to participate in the arbitration hearing in good faith and in a meaningful manner and a court, when presented with a petition for sanctions or remedy therefor, may order sanctions as provided in Rule 219(c), including, but not limited to, an order debarring that party from rejecting the award, and costs and attorney fees incurred for the arbitration hearing and in the prosecution of the petition for sanctions, against that party."  145 Ill. 2d R. 91(b). 

A party can reject the arbitration award and proceed to trial.  174 Ill. 2d R. 93(a).

In 
West
 
Bend
, 292 Ill. App. 3d 669, 686 N.E.2d 645, the arbitrators did not make a finding that defendants' failure to provide an interpreter at the hearing was bad faith, but the trial court found so.  The appellate court found that, standing alone, the facts that a defendant could not speak English and did not appear at the hearing with a translator did not constitute failure to participate in the hearing in good faith and in a meaningful manner.  
West Bend
, 292 Ill. App. 3d at 674.  But the appellate court nevertheless left open the possibility that failure to provide a translator could constitute bad faith because it stated that, if plaintiff believed that the failure to provide a translator constituted bad faith, plaintiff should have requested that the arbitration panel make findings on the issue.  
West
 
Bend
, 292 Ill. App. 3d at 674.

In our case, the arbitration panel did make such a finding.  Although the award stated as one of several reasons for its bad-

faith finding that defendant failed to produce a witness, we interpret the arbitrators' finding of bad faith as being based primarily on defendant's inability to testify in English.  In any event, we are reviewing the trial court's ruling, which was based solely on defendant's failure to testify.  

The express concerns behind Supreme Court Rule 91(b) are to prevent the abuse of the arbitration process and to uphold the integrity of the arbitration process.  145 Ill. 2d R. 91(b), Committee Comments, at lxx.  Defendant did not choose not to participate; she was not able to participate without an interpreter.  
In order to meet the standard of good-faith and meaningful participation, a defendant does not have to hire an interpreter to assist plaintiff's efforts to prove its case.  If a defendant does not provide an interpreter and a plaintiff desires to examine defendant as an adverse witness, plaintiff should bear the cost of an interpreter.  We hold that defendant did not violate Supreme Court Rule 91(b) by not providing an interpreter. 

We also find that 
West
 
Bend
, 292 Ill. App. 3d 669, 686 N.E.2d 645, was clear that the failure to provide an interpreter is not a violation of Supreme Court Rule 237.  The rule requires defendant to appear, and that is what defendant did. 

 
 If a defendant does not notify plaintiff that defendant will not be able to testify in English and that defendant will not provide an interpreter at the arbitration hearing, plaintiff would not be made aware of the need to arrange its own interpreter to be present, if desired.  Certainly that lack of notification would be a breach of civility; it might be successfully argued in a future case that such conduct also could form the basis for Supreme Court Rule 91(b) sanctions.  We do not know on this record if plaintiff was aware prior to the hearing of defendant's inability to testify in English.  We do not decide today whether the failure to notify would violate Supreme Court Rule 91(b).

Even if we held that defendant should have provided an interpreter as part of her good-faith and meaningful participation in arbitration, we would reverse on the basis that debarring defendant from rejecting the arbitration award was harsh and unjustified.  The arbitration proceedings could have been stayed until defendant provided an interpreter, and plaintiff could have been awarded attorney fees and costs incurred for the arbitration hearing.  145 Ill. 2d R. 91(b); see 166 Ill. 2d R. 219(c)(i) (one possible remedy is to stay further proceedings until the party complies with the supreme court rule).

In addition, we believe that the standard to be applied in deciding whether to bar defendant from rejecting the award is whether her conduct was characterized by a deliberate and pronounced disregard for rules and the court.  
Walton v. Throgmorton
, 273 Ill. App. 3d 353, 359, 652 N.E.2d 803 (1995); 
Valdivia v. Chicago & North Western Transportation Co.
, 87 Ill. App. 3d 1123, 1125, 409 N.E.2d 457 (1980)
.  Defendant was present and available to testify at the arbitration hearing.  She could have been examined by plaintiff if a Russian-language interpreter had been present.

We are in accord with the holdings in 
Smith v. Johnson
, 278 Ill. App. 3d 387, 662 N.E.2d 531 (1996), 
Williams v. Dorsey
, 273 Ill. App. 3d 893, 652 N.E.2d 1286 (1995), and 
Martinez v. Gaimari
, 271 Ill. App. 3d 879, 649 N.E.2d 94 (1995).  These cases held that it is within a trial court's authority to sanction a party who abuses the arbitration process by failing to appear by debarring that party from rejecting an arbitration award.

 
As defendant did not violate Supreme Court Rule 91(b) or 237, the trial court erred in barring her from rejecting the arbitration award.  

The judgment of the trial court is reversed, and the cause is remanded with directions to permit defendant to reject

the arbitration award.

Reversed with directions.

CAHILL, P.J., and LEAVITT, J., concur.