FOURTH DIVISION

August 19, 1999

No. 1-98-3443

MARILYN GOLDMAN, individually
 ) Appeal from the

and as mother and next Friend ) Circuit Court of

of AARON GOLDMAN, a minor, ) Cook County.

                                        )

     Plaintiffs-Appellees,              )

) 

   v. ) No. 97 M1 301662

)

RAJWANT DHILLON, ) Honorable Llewellyn

) L. Greene-Thapedi,

Defendant-Appellant. ) Judge Presiding.

JUSTICE WOLFSON delivered the opinion of the court:

     Following mandatory arbitration in this negligence action, the circuit court entered judgment on the arbitration award in favor of plaintiffs Marilyn Goldman and Aaron Goldman and against defendant, Rajwant Dhillon.  On appeal, defendant contends that the trial court abused its discretion when it barred her from rejecting the arbitration award.  We affirm.

     Plaintiffs' claim arose from an auto accident on June 14, 1996.  According to the complaint, defendant ran a red light and struck Marilyn Goldman's vehicle, injuring her and her minor son Aaron.  Marilyn Goldman filed suit individually and on behalf of Aaron.  Because the request for damages did not exceed $15,000, the parties were required to participate in mandatory arbitration pursuant to Supreme Court Rule 86.  155 Ill. 2d R. 86.  Defendant attended the arbitration, but her attorney was not present.  The arbitration panel found in favor of plaintiffs and awarded $12,500 to Marilyn Goldman individually, and $2,000 to her as next friend of Aaron Goldman.  

     Defendant filed a timely rejection of arbitration award pursuant to Supreme Court Rule 93.  166 Ill. 2d R. 93.  Plaintiff, in turn, filed a motion to quash the rejection, alleging that defendant failed to participate in the arbitration hearing in good faith, as required by Supreme Court Rule 91(b).  145 Ill. 2d R. 91(b).  

The affidavit attached to plaintiffs' motion cited defense counsel's absence from the hearing, defendant's failure to offer any evidence, exhibits or arguments, and her failure to cross-

examine plaintiffs.  In response, defendant claimed that her attorney's failure to appear was caused by a miscommunication.  

A hearing was held on the motion, after which the trial court granted the motion to quash and entered judgment on the arbitration award.  The defendant did not include a transcript of this hearing in the record on appeal.

     Defendant contends the trial court erred by barring her rejection of the arbitration award.  She says the failure of her attorney to appear does not constitute waiver of her right to reject the arbitration award under Supreme Court Rule 91.  145 Ill. 2d R. 91.

In response, plaintiffs contend an order entitled "Order to Dismiss by Stipulation," entered August 21, 1998, estops defendant from appealing the circuit court's judgment.  In the alternative, they contend the trial court's decision does not represent an abuse of discretion because defendant failed to participate in the arbitration process in good faith.   

     We first address plaintiffs' contention that the stipulated dismissal order estops defendant from bringing this appeal, since a finding in plaintiff's favor would make discussion of substantive issues unnecessary.

We admit to a certain amount of confusion concerning the Order To Dismiss By Stipulation contained in the record.  It was entered on August 21, 1998, eight days after judgment against the defendant was entered and 21 days before the notice of appeal from that judgment was filed.  The Order makes no mention of the judgment.  It finds the "cause of action has been fully compromised and settled and the parties have stipulated and agreed to dismissal of the complaint with prejudice***"

No stipulation to dismiss is contained in the record.  At an October 2, 1998, hearing on the defendant's motion to reconsider, defense counsel said he was unaware of the dismissal.  Yet, as far as we can tell, he has made no attempt to vacate it.  Plaintiffs raised the issue in their brief on appeal, but the defendant has made no reply.  Thus, our confusion.

Because the August 13, 1998, judgment stands, we have decided to move on to the merits of this appeal.

Supreme Court Rule 91(a) provides, in part:

"The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the reward."  145 Ill. 2d R. 91(a).  

The rule does not require that both the party and the party's lawyer appear at the arbitration hearing in order to preserve the right to rejection.  It requires that one of the two be present.  
Allstate Ins. Co. v. Pena
, 227 Ill. App. 3d 348, 591 N.E.2d 526 (1992).  Since the defendant appeared at the hearing, Rule 91(a) does not authorize a waiver of the right to reject the award.

But Supreme Court Rule 91(b) is another matter.  See 145 Ill. 2d R. 91(b).  It requires not only presence of party or lawyer, but good faith and meaningful participation in the arbitration hearing.  
Hinkle v. Womack
, 303 Ill. App. 3d 105, 707 N.E.2d 705 (1999).  

When the arbitrators unanimously find that a party failed to participate in good faith, their finding and the factual basis for it are to be included in the written award.  145 Ill. 2d R. 91(b).  This constitutes 
prima facie
 evidence of failure to participate, and a circuit court may preclude rejection of the award on that finding.  145 Ill. 2d R. 91(b).  

However, in the absence of a finding by the arbitrators, the circuit court may bar rejection based on a defendant's lack of good faith participation where the defendant "'fails to subject the plaintiff's case to the type of adversarial testing that would be expected at trial ***.'"  
Hinkle v. Womack
, 303 Ill. App. 3d at 112, (quoting 
Martinez v. Gaimari
, 271 Ill. App. 3d 879, 883-84, 649 N.E.2d 94 (1995)).  

A trial court's imposition of sanctions pursuant to Supreme Court Rule 91 will be reversed only where the court's decision represents an abuse of discretion.  
Moon v. Jones
, 282 Ill. App. 3d 335, 336, 668 N.E.2d 67 (1996).  Such a finding will be deemed an abuse of discretion if it is arbitrary or exceeds the bounds of reason.  
Moon
, 282 Ill. App. 3d at 336.

     Although the arbitration panel did note that "[d]efendant was present but her attorney was not" it did not make a finding that defendant failed to participate in good faith.  
Defendant did not provide us with the transcript of the hearing at which the trial court barred defendant's rejection of the award, and the written order does not include any explanation of the court's basis for its finding.   

Because an appellant has the burden of presenting a sufficiently complete record on appeal, in the absence of such a record it is presumed that the order entered by the trial court was in conformity with the law.  
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391, 459 N.E.2d 958 (1984).  In addition, since the order entered by the trial court stated that it was based upon "the Court being advised in the premises," we presume the court heard adequate evidence to support the decision it rendered.  
Smith v. Smith
, 36 Ill. App. 2d 55, 59, 183 N.E.2d 559 (1962).  Under these circumstances, we have no basis for finding the decision represented an abuse of discretion.  

We are aware that this court reversed a trial court's imposition of debarment in 
West Bend Mutual Insurance Co. v. Herrera
, 292 Ill. App. 3d 669, 686 N.E.2d 645 (1997), but we find the facts in 
West Bend
 are distinguishable from the facts in this case.  

In 
West Bend
, the plaintiff filed a motion to bar the defendants from rejecting an arbitration award in the plaintiff's favor on the ground that the defendants failed to participate in good faith at the arbitration proceeding.  The plaintiff alleged that although defendant Nicandro Herrera appeared at the arbitration hearing, he did not testify because he did not speak English and did not bring an interpreter.  The defendants filed a response, alleging they complied with the supreme court rules by appearing at the arbitration and that no rule existed which required them to bring an interpreter.  The defendants' response was supported by the affidavit of their attorney who averred that the defendants actively participated in the arbitration proceedings through counsel, who made an opening statement, cross-examined the plaintiff, and made a closing argument.  The plaintiff filed a reply, denying many of the allegations made by the defendants in their response to the motion to bar rejection of the award.  At the conclusion of the hearing, the trial court entered an order barring defendants from rejecting the award on the ground that they failed to participate in good faith by not testifying at the arbitration.

This court reversed, holding that Nicandro's failure to bring an interpreter, standing alone, did not constitute failure to participate in good faith.  We said that in the absence of either a finding by the arbitrators or a transcript of the proceedings, the trial court was not in a position to determine whether defendants' participation in the hearing by way of making an opening statement, cross-examining plaintiff, and making a closing argument constituted bad faith participation.  
West Bend
, 292 Ill. App. 3d at 676.

The facts of this case are significantly different from those in 
West Bend
.  Here, the trial court was presented with plaintiffs' uncontradicted allegation that defendant, though present, did not participate in the hearing at any level.  According to the affidavit attached to plaintiffs' motion to quash defendant's rejection of the award, defendant did not "offer any evidence, exhibits or arguments, nor did she conduct any cross examination of Plaintiffs."  

After conducting a hearing into the matter, the trial court found that plaintiffs' allegations were true.  It was acting within its discretion in barring rejection of the award.  The failure to participate violates the purpose of Rule 91(b), which was adopted in response to complaints that parties and lawyers would attend arbitration hearings, but would refuse to participate.  145 Ill. 2d R. 91(b), Committee Comments.  

The committee comments further state, "Arbitration must not be perceived as just another hurdle to be crossed in getting the case to trial.  Good-faith participation, as required by this rule, was therefore intended to assure the integrity of the arbitration process."  145 Ill. 2d R. 91(b), Committee Comments.   Where a party appears but fails to participate in an arbitration hearing, we cannot say that the trial court's finding that this failure violates Rule 91(b) represents an abuse of discretion simply because the court did not have a transcript of the arbitration proceedings.  Nothing in the rules limits the trial judge's consideration to a hearing transcript.  

     Accordingly, the judgment of the circuit court is affirmed.

     Affirmed.

Hoffman, and Hall, JJ., concur.