REBECCA SALDANA, Plaintiff-Appellant, v. NICOLE M. NEWMANN, Defendant-Appellee.

First District (6th Division)   No. 1—99—3878

Opinion filed January 19, 2001.

James A. Stamos, of James A. Stamos, Ltd., of Chicago, for appellant.

Ellen J. O'Rourke, of Bruce Farrel Dorn & Associates, of Chicago, for appellee.

JUSTICE BUCKLEY delivered the opinion of the court:

Following a mandatory arbitration in this negligence action, the circuit court entered judgment on the arbitration award in favor of defendant Nicole M. Newmann and against plaintiff Rebecca Saldana. On appeal, plaintiff contends the trial court abused its discretion when it barred her from rejecting the arbitration award.

Plaintiff filed a negligence action, alleging certain injuries, following a one-car accident in which she was a passenger and defendant was the driver when the car left the road and ended in a ditch. Ultimately, the trial court ordered that the matter be presented for mandatory arbitration. An arbitration hearing was scheduled for 8:30 a.m. on July 8, 1999.

On July 8, 1999, an arbitration award was entered in favor of defendant. The award stated that defendant and her attorney and plaintiff's attorney were present but plaintiff failed to appear. The award was file stamped at 8:52 a.m.

Thereafter, plaintiff filed a notice to reject the arbitration award. In response, defendant filed a motion to strike rejection of the award, stating that plaintiff presented no evidence to the arbitrators and failed to participate in the hearing in good faith and in a meaningful manner. Plaintiff replied, asserting that she appeared for the scheduled arbitration hearing after 9:15 a.m. Plaintiff included her own affidavit and an affidavit of her father stating that they left their home in Lemont at 7 a.m. to attend the mandatory arbitration hearing scheduled for 8:30 a.m. at 222 North La Salle Street in Chicago. "Due to traffic conditions on the route taken, I-57 to 94-West," they did not arrive until 9:30 a.m.

The trial court entered an order in favor of defendant on October 4, 1999. The order in its entirety states:

"This matter coming on to be heard on Motion of Defendant to

strike Rejection of arbitration award filed by Plaintiff, the court being advised ORDERS as follows: 1) Defendant's motion to Strike Rejection of Arbitration Award be and the same is hereby granted."

The crux of the present appeal concerns the disparate positions advanced by the parties regarding the basis of the trial court's order to bar plaintiff's rejection of the arbitration award. Plaintiff submits that the trial court barred her rejection of the award because she was late for the arbitration hearing, which had ended before she arrived. Plaintiff, therefore, primarily argues that unintentional tardiness on her part cannot bar her rejection of the award. In contrast, defendant maintains that the trial court barred rejection because plaintiff's counsel failed to participate in the hearing in good faith and in a meaningful manner. Thus, defendant primarily argues that the determinative issue is whether plaintiff participated in the hearing in good faith. While each party urges this court to consider her respective reasoning for the trial court's order, the record, as acknowledged by plaintiff, is silent as to the basis of the trial court's order.

■ A trial court's decision to bar rejection of an arbitration award will be reversed only if it constitutes an abuse of discretion. *Goldman v. Dhillon,* 307 Ill. App. 3d 169, 172 (1999) (explaining abuse of discretion as arbitrary or exceeding the bounds of reason).

■ Supreme Court Rule 91 provides two grounds for barring rejection of an arbitration award. 145 Ill. 2d R. 91. First, a party waives the right to reject an arbitration award where the party fails "to be present, either in person or by counsel, at an arbitration hearing." 145 Ill. 2d R. 91(a). In the present case, plaintiff's counsel attended the arbitration hearing. Plaintiff's presence was not required under Rule 91(a) and was not mandated by notice in the present case under Rule 237 (166 Ill. 2d R. 237(b)). *Schmidt v. Joseph,* 315 Ill. App. 3d 77, 82 (2000). Therefore, the presence requirement embodied in Rule 91(a) was satisfied by the presence of plaintiff's counsel.

Second, a separate basis for barring a party's rejection of an arbitration award exists when a party fails to participate in an arbitration hearing in good faith and in a meaningful manner. 145 Ill. 2d R. 91(b). Contrary to plaintiff's assertion on appeal, where, as here the panel of arbitrators did not include a finding in the written award that plaintiff failed to participate in good faith, the circuit court may still bar rejection of the award based on lack of good-faith participation. *Goldman,* 307 Ill. App. 3d at 172; *Hill v. Joseph Behr & Sons, Inc.,* 293 Ill. App. 3d 814, 817 (1997).

■ Plaintiff has not included in the record on appeal a report of proceedings or bystander's report of either the arbitration hearing or the hearing before the trial court on defendant's motion to bar her

rejection. Plaintiff states generally that her attorney "participated" but she does not specify how he participated in the arbitration hearing. Plaintiff argues that, without a transcript of the hearing, the trial court did not have a basis to determine whether she had participated in good faith or in a meaningful manner.

Plaintiff depends on *West Bend Mutual Insurance Co. v. Herrera*, 292 Ill. App. 3d 669, 674 (1997), where this court held because there was no finding of bad faith by the arbitration panel and no transcript from the hearing, the trial court did not have a basis to determine whether the defendant participated in the hearing in good faith or in a meaningful manner. However, in *West Bend*, this court noted that the defendant's attorney submitted an affidavit in the trial court, indicating that at the hearing she made an opening statement, cross-examined the plaintiff, and made a closing argument. *West Bend*, 292 Ill. App. 3d at 674; see also *Goldman*, 307 Ill. App. 3d at 173-74 (distinguishing *West Bend*).

In *Goldman*, this court held that, because the appellant has the burden of presenting a sufficiently complete record on appeal, in the absence of such a record it is presumed that the order entered by the trial court was in conformity with the law. *Goldman*, 307 Ill. App. 3d at 173. Moreover, as here, where the order stated that the court was "advised" when it granted defendant's motion to bar plaintiff's rejection of the arbitration award, we presume the court heard adequate evidence to support the decision. *Goldman*, 307 Ill. App. 3d at 173; see also *Kable Printing Co. v. Mount Morris Bookbinders Union Local 65-B*, 27 Ill. App. 3d 500, 504 (1975) (presumption that judgment entered after hearing argument of counsel and being fully advised was based on sufficient evidence to decide the issue before the court).

In the instant case, plaintiff's attorney did not present the trial court with an affidavit attesting to his participation in the arbitration hearing. Defendant asserts the proceeding began at 8:30 a.m., and they waited the requisite 15 minutes for plaintiff to arrive. When plaintiff failed to arrive, plaintiff's attorney simply agreed that the panel of arbitrators would enter an award in favor of defendant. Defendant's assertion that there was no other participation by defendant's attorney is supported by the time stamp of "8:52" evidencing the entry of the written award, which supports a reasonable inference that there was no meaningful participation.

We also note that plaintiff's attorney could have requested, but apparently did not, that the hearing be continued so plaintiff could participate in good faith and in a meaningful manner. Moreover, plaintiff did not offer an excuse for failing to attend the hearing until she was "faced with the prospect of being barred from rejecting the award."

*Martinez v. Gaimari*, 271 Ill. App. 3d 879, 883 (1995), "Where a party appears but fails to participate in an arbitration hearing, we cannot say that the trial court's finding that this failure violates Rule 91(b) represents an abuse of discretion simply because the court did not have a transcript of the arbitration proceedings. Nothing in the rules limits the trial judge's consideration to a hearing transcript." *Goldman*, 307 Ill. App. 3d at 174.

Moreover, even if, as plaintiff generally suggests, her counsel "participated" in some way, this still would not preclude the trial court's decision to bar rejection of the award as a sanction. See *Schmidt v. Joseph*, 315 Ill. App. 3d 77, 83 (2000). In *Schmidt*, the plaintiff did not appear at the arbitration hearing but was represented by counsel, called the defendant as an adverse witness, submitted documents including the plaintiff's medical records and bills, and made a closing argument. *Schmidt*, 315 Ill. App. 3d at 79. The arbitration panel made no determination that the plaintiff failed to participate in good faith, but after the hearing, the trial court barred the plaintiff's rejection of the award based on lack of good-faith participation. As in our case, in *Schmidt*, the reviewing court was not presented a transcript of the arbitration hearing on the hearing before the trial court after which it barred the plaintiff's rejection of the award. *Schmidt*, 315 Ill. App. 3d at 84. The plaintiff contended, as here, that the trial court had no basis for finding lack of good-faith participation. Although this court noted that plaintiff was present at the arbitration through counsel and her failure to appear was reasonable and the result of extenuating circumstances, it found that a trial court need not find intentional obstruction of the arbitration process in order to find bad-faith participation, because the purposes of Rule 91(b) are defeated as well when a party's conduct is the result of inept preparation. *Schmidt*, 315 Ill. App. 3d at 83. Because no transcript of the arbitration hearing was submitted, this court held it could not determine whether the plaintiff's counsel presented a *prima facie* case or subjected the case to the adversarial testing that is necessary to maintain the integrity of the arbitration process and affirmed the trial court's decision to bar the plaintiff's rejection of the arbitration award. *Schmidt*, 315 Ill. App. 3d at 84-86.

The assertions and affidavits of plaintiff and her father were before the trial court and the order from which plaintiff appeals stated the court was "advised" when it granted defendant's motion to bar plaintiff's rejection of the award. We can discern no abuse of discretion on the record before us. See *Schmidt*, 315 Ill. App. 3d at 86; *Goldman*, 307 Ill. App. 3d at 173.

Lastly, we note that defendant filed a motion to strike portions of

plaintiff's reply brief and we took the motion with the case. Given our disposition in this appeal, it is not necessary to rule on this motion.

Accordingly, we affirm the judgment of the circuit court.

Judgment affirmed.

O'BRIEN and GALLAGHER, JJ., concur.