STATE FARM INSURANCE COMPANY, Plaintiff-Appellant, v. ARTURO RODRIGUES, Defendant-Appellee.

First District (1st Division)    No. 1—00—3212

Opinion filed August 27, 2001.

Susan L. Meadows, of Steven D. Gertler & Associates, of Chicago, for appellant.

Matthew E. Luecke, of Thomas L. Burdelik & Associates, of Chicago, for appellee.

JUSTICE COHEN delivered the opinion of the court:

Plaintiff State Farm Insurance Company (or State Farm Mutual Insurance Company) filed a subrogation action against defendant Arturo Rodrigues for allegedly damaging the vehicle of plaintiff's insured, Marya Pisarski. Plaintiff alleged that on June 19, 1996, defendant's motor vehicle struck and damaged Pisarski's parked and unoccupied vehicle on Pulaski Road in Chicago. Plaintiff sought $4,142.55 in damages, plus costs. Plaintiff's counsel was present at an arbitration hearing on April 5, 2000. Pisarski was not present and the hearing proceeded without her. The arbitrators entered an award for plaintiff and against defendant in the amount of $4,157.65. Defendant rejected the arbitration award pursuant to Supreme Court Rule 93. 166 Ill. 2d R. 93. At trial on September 8, 2000, the circuit court entered judgment for defendant. The September 8 judgment order reflected that plaintiff had been barred from presenting any evidence at trial pursuant to a previous order entered on June 26, 2000, in which the court found that plaintiff had failed to arbitrate in good faith. The September 8, 2000, order was part of the record on appeal, but the June 26, 2000, order was not made a part of the record on appeal.[1] Plaintiff appeals from both orders, contending that the trial court abused its discretion in finding that plaintiff failed to arbitrate in good faith.

The record on appeal also lacks transcripts of the April 5, 2000, arbitration hearing or any of the proceedings in the circuit court. The record does contain plaintiff's documentary evidence relating to the alleged damages and repairs.

The arbitrators entered an award, file-stamped at 9:09 a.m. on April 5, 2000, in favor of plaintiff which stated as follows:

"We find on behalf of the plaintiff, State Farm Mutual and against the defendant Arturo Rodriguez [*sic*] in the amount of $4,157.65."

On April 21, 2000, defendant filed his notice of rejection of the arbitration award, and requested a trial.

On April 25, 2000, defendant filed a motion for sanctions pursuant to Illinois Supreme Court Rule 91, paragraphs (a) and (b). 145 Ill. 2d Rs. 91(a), (b). In the motion, defendant inexplicably sought to debar plaintiff from rejecting the arbitration award and erroneously stated that "an [arbitration] award was entered in favor of the defendant." Defendant also sought to bar plaintiff from testifying or producing any evidence at trial because the insured had failed to appear at the arbitration hearing.

---

[1]In plaintiff's brief, this order is alleged to have been entered on June 28, 2000. The record on appeal does not contain any orders entered on either June 26 or June 28, 2000.

On April 28, 2000, plaintiff filed a response, arguing that the motion should be denied because the arbitration award favored plaintiff, and because defendant, not plaintiff, had rejected the arbitration award. Plaintiff also argued that the motion should be denied because plaintiff was present, through counsel, at the arbitration hearing. Plaintiff argued that defendant testified at the arbitration hearing that defendant struck a parked and unoccupied vehicle that belonged to plaintiff's insured and that the collision caused the damage disclosed in plaintiff's arbitration package, which was allowed into evidence.

On May 19, 2000, defendant filed a new motion for sanctions, in which defendant again sought to bar plaintiff from testifying or presenting any evidence at trial. Defendant again erroneously stated that "an [arbitration] award was entered in favor of the defendant."

On June 1, 2000, plaintiff filed a response to defendant's May 19 motion for sanctions, reaffirming its previous arguments and arguing further that defendant's motion should be denied because defendant's Rule 237 (166 Ill. 2d R. 237) notice requested production of someone named "Danielle Radtke" and did not request production of either an officer, director, or employee of plaintiff or of plaintiff's insured, Marya Pisarski. Attached to plaintiff's response were copies of a September 14, 1999, motion by defendant Arturo Rodrigues to vacate defaults. Also attached were three documents filed on that same date, September 14, 1999, by a different defendant (Danielle Radtke) in a different case (State Farm Mutual Insurance Company v. Danielle Radtke, 99 M1 10777), namely, an appearance and jury demand, a notice to produce, and a trial lawyer's appearance.

The record does not contain a copy of any order entered on defendant's motions to bar plaintiff from presenting any testimony or evidence at trial. On appeal, the parties do not dispute that Judge John G. Laurie entered an order finding that plaintiff had not participated in the arbitration hearing in good faith and barring plaintiff from presenting testimony or evidence at trial.

On September 8, 2000, Judge Donald J. Suriano entered the following order:

"This matter coming to be heard for trial, the court being fully advised in the premises and retaining jurisdiction, it is hereby ordered, the defendant having waived the jury and this matter being heard as a bench trial, it is hereby ordered Judgment is entered in favor of the defendant, as plaintiff is barred from presenting any evidence at trial pursuant to the previous order of June 26, 2000. This order is final and appealable."

On appeal, plaintiff contends that the circuit court abused its discretion in preventing plaintiff from presenting evidence at trial.

Plaintiff argues that it participated in good faith at the arbitration hearing by calling the only eyewitness to the collision, namely, defendant. Plaintiff argues that its participation was meaningful because it prevailed at the arbitration hearing. Plaintiff further argues that the presence of its insured, Marya Pisarski, at the arbitration hearing would have been less significant in this case than in most vehicular collision cases because Pikarski's vehicle was parked and unoccupied at the time of the collision, defendant was the sole eyewitness, and defendant admitted striking Pisarski's parked and unoccupied vehicle. According to plaintiff, defendant admitted contact, proximate cause, and damages at the arbitration hearing. Plaintiff argues that its attorney was present, that the arbitration panel entered a finding in favor of plaintiff, that the arbitration panel did not enter a finding that plaintiff had failed to participate in good faith, and that the circuit court did not have a transcript of the arbitration hearing and therefore had no basis to make a finding of bad faith. Plaintiff argues that its case withstood sufficient adversarial testing because it prevailed at the arbitration hearing. Finally, plaintiff argues that its conduct did not warrant the imposition of a sanction that terminated its case.

Defendant responds that a finding of bad faith by the arbitrators was not a prerequisite to such a finding by the circuit court, that plaintiff failed to arbitrate in good faith and in a meaningful manner, that plaintiff failed to submit its case for sufficient adversarial testing, and that plaintiff's conduct was in deliberate disregard of the court. Defendant argues that plaintiff's insured Pisarski was not present at the arbitration hearing and that Pisarski's testimony was needed to submit plaintiff's case to sufficient adversarial testing and to reveal whether she actually had an insurance policy with plaintiff and whether there was preexisting damage to her vehicle. Defendant also argues that plaintiff never filed an affidavit explaining Pisarski's absence.

As we previously noted, the record on appeal does not contain either the order ostensibly entered on June 26 or June 28, 2000, or transcripts of the arbitration hearing or of the proceedings in the circuit court. If the nature and substance of the June 2000 order were in dispute, we would hold that plaintiff had failed to fulfill its duty to present a complete record on appeal, and we would presume that the circuit court's decisions conformed to the law and were supported by a sufficient factual basis. *Webster v. Hartman*, 309 Ill. App. 3d 459, 460-62 (1999), *aff'd*, 195 Ill. 2d 426, 432-36 (2001); *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). However, the parties do not dispute the nature or substance of the June order. Instead, the parties agree that

the June order found that plaintiff had failed to participate in the arbitration hearing in good faith because its insured, Marya Pisarski, was not present at the hearing. The parties further agree, and the September 8, 2000, order confirms, that the June order barred plaintiff from presenting any evidence at trial. Thus, the issues are whether plaintiff failed to participate in the arbitration hearing in good faith because its insured, Marya Pisarski, was not present at the arbitration hearing, and, if so, whether the sanction (barring plaintiff from presenting evidence at trial) was appropriate. Review of those issues is appropriate because the facts necessary to resolve those issues are undisputed. *State Farm Insurance Co. v. Jacquez*, 322 Ill. App. 3d 652, 655-56 (2001); *Mastandrea v. Chicago Park District*, 259 Ill. App. 3d 897, 899-900, 903-04 (1994).

●1 A court of review will not reverse a circuit court's imposition of sanctions or decision to debar a party from rejecting an arbitration award unless the circuit court's decision was an abuse of discretion, that is, arbitrary or exceeding the bounds of reason. *Schmidt v. Joseph*, 315 Ill. App. 3d 77, 81 (2000); *Gore v. Martino*, 312 Ill. App. 3d 701, 704 (2000); *Johnson v. Saenz*, 311 Ill. App. 3d 693, 696-97 (2000); see also *Hornburg v. Esparza*, 316 Ill. App. 3d 801, 804 (2000); *Goldman v. Dhillon*, 307 Ill. App. 3d 169, 172 (1999). "An abuse of discretion occurs when the trial court rules arbitrarily." *State Farm Insurance Co. v. Jacquez*, 322 Ill. App. 3d 652 (2001). The supreme court rules regarding mandatory arbitration are designed to prevent abuse in, and to uphold the integrity of, the arbitration process. *Johnson*, 311 Ill. App. 3d at 697.

●2 Pursuant to Illinois Supreme Court Rule 91 (145 Ill. 2d R. 91), there are two grounds for debarring the rejection of an arbitration award, namely, unexcused absence (145 Ill. 2d R. 91(a)), and lack of good faith and meaningful participation (145 Ill. 2d R. 91(b)). *Saldana v. Newmann*, 318 Ill. App. 3d 1096, 1098 (2001). Rule 91(a) states in part:

> "The failure of a party to be present, either in person or by counsel, at an arbitration hearing shall constitute a waiver of the right to reject the award and a consent to the entry by the court of a judgment on the award." 145 Ill. 2d R. 91(a).

Rule 91(b) states in part:

> "All parties to the arbitration hearing must participate in the hearing in good faith and in a meaningful manner." 145 Ill. 2d R. 91(b).

Pursuant to Rule 91, either the party or the party's attorney is required to appear at the arbitration hearing and to participate meaningfully and in good faith. 145 Ill. 2d Rs. 91(a), (b); *Goldman*,

307 Ill. App. 3d at 172. Pursuant to Supreme Court Rule 237(b) (166 Ill. 2d R. 237(b)), which is applicable to arbitration hearings (166 Ill. 2d R. 90(g); *State Farm Insurance Co. v. Kazakova*, 299 Ill. App. 3d 1028, 1032 (1998)), the court may impose sanctions against a party for failure to appear, including the debarment of a party from maintaining a claim pursuant to Supreme Court Rule 219(c). 166 Ill. 2d Rs. 219(c)(iii), 90(g). A party who appears through counsel is still subject to sanctions for failure to appear pursuant to a Rule 237 notice. *State Farm Insurance Co. v. Jacquez*, 322 Ill. App. 3d 652, 655 (2001). Rule 91(b) (145 Ill. 2d R. 91(b)) also provides for the imposition of sanctions, including debarment under Rule 219(c), for a violation of the rule. 145 Ill. 2d R. 91(b); 166 Ill. 2d R. 219(c). At an arbitration hearing, a party is required to subject the case to the type of adversarial testing expected at a trial. *Schmidt*, 315 Ill. App. 3d at 84. Bad faith may consist of "inept preparation or intentional disregard for the process." *Schmidt*, 315 Ill. App. 3d at 83. The circuit court may make a finding of bad faith in the absence of such a finding by the arbitration panel. *Schmidt*, 315 Ill. App. 3d at 85; *Gore*, 312 Ill. App. 3d at 704; *Hill v. Joseph Behr & Sons, Inc.*, 293 Ill. App. 3d 814, 817 (1997); *West Bend Mutual Insurance Co. v. Herrera*, 292 Ill. App. 3d 669, 674 (1997). The standard is whether the party's conduct amounts to a deliberate and pronounced disregard for the rules and the court. *Gore*, 312 Ill. App. 3d at 704; *Kazakova*, 299 Ill. App. 3d at 1034. The offending party has the burden to show that its noncompliance was reasonable or the result of extenuating circumstances. *Eichler v. Record Copy Services*, 318 Ill. App. 3d 790, 792-93 (2000); *Schmidt*, 315 Ill. App. 3d at 81.

●3 The record on appeal does not contain a finding of bad faith by the arbitrators, but this would not preclude us from affirming the judgment of the circuit court. *Goldman*, 307 Ill. App. 3d at 174. Our decision to vacate and remand is based instead upon the particular facts of this case. In this case, plaintiff did not fail to participate in the arbitration hearing as an adverse party. It was undisputed that plaintiff's counsel appeared at the arbitration hearing and presented both the defendant's adverse testimony and an arbitration package of documentary evidence relating to damages and repairs. It was also undisputed that the arbitrators did not make a finding that plaintiff had failed to participate in good faith. It was further undisputed that the circuit court made such a finding without the benefit of a transcript of the arbitration hearing.

Furthermore, there is no indication in the record that defendant ever filed the necessary notice for plaintiff, pursuant to Supreme Court Rule 237, to produce either Pisarski or any of plaintiff's representa-

tives at the arbitration hearing. The record reflects that defendant filed a notice to produce a party defendant (Danielle Radtke) from a different case. Despite that deficient notice to produce, plaintiff did present an arbitration package containing documentary evidence relating to damages and repairs. Plaintiff also presented defendant's adverse testimony. Although defendant argues that Pisarski's absence meant that there was insufficient adversarial testing regarding damages—that is, which damages were attributable to this collision, and which damages, if any, were preexisting—defendant bears the responsibility for any alleged insufficiency in the adversarial testing because defendant filed a deficient notice to produce. Under the particular circumstances of this case, the record clearly does not reflect that plaintiff displayed a deliberate and pronounced disregard for the rules or the court. *Johnson*, 311 Ill. App. 3d at 698-99. We therefore find that the trial court abused its discretion in debarring plaintiff from presenting evidence at trial.

Our conclusion is not inconsistent with the cases cited by defendant. For example, in *Hill*, 293 Ill. App. 3d at 817, which defendant cites as "directly on point," the party whom the circuit court found to have failed to participate in good faith failed to present either an arbitration package or any evidence at the arbitration hearing. In *Martinez v. Gaimari*, 271 Ill. App. 3d 879, 883 (1995), the arbitrators found that the defendant had failed to participate in good faith and in a meaningful manner, the defendant was an eyewitness whose participation in the arbitration hearing was probably essential, and defense counsel failed to present any evidence at the arbitration hearing. In *Hinkle v. Womack*, 303 Ill. App. 3d 105, 108, 114 (1999), the defendants failed to appear at the arbitration hearing despite having been served with a sufficient Rule 237 (166 Ill. 2d R. 237) notice, and there was no excuse for their absence. None of these circumstances obtain in the case before us.

The judgment of the circuit court is vacated, and the cause is remanded.

Vacated and remanded.

McNULTY, P.J., and TULLY, J., concur.