THIRD DIVISION

May 9, 2001

(
NUNC
 
PRO
 
TUNC
 March 30, 2001)

No. 1--99--1713

STATE FARM INSURANCE CO., a/s/o ) Appeal from the

STELLA DORSEY, ) Circuit Court of

) Cook County.

Plaintiff-Appellee, ) 

)

v. )

)

JUAN JACQUEZ, ) Honorable 

) James V. Murphy,

Defendant-Appellant. ) Judge Presiding.

JUSTICE BURKE delivered the opinion of the court:

Following mandatory arbitration in this negligence action, the circuit court entered judgment on the arbitration award in favor of plaintiff State Farm Insurance Co. and against defendant Juan Jacquez.  On appeal, defendant contends that the trial court erred in barring his rejection of the award and that plaintiff waived any objection to his rejection of the award.  Defendant also contends that the court erred in entering judgment for damages in excess of the amount sought in plaintiff's complaint and by allowing plaintiff to amend its complaint after the arbitration hearing.  Although plaintiff did not file an appellee's brief, we will consider this appeal pursuant to the principles set forth in 
First Capitol Mortgage Corp. v. Talandis Construction Corp.
, 63 Ill. 2d 128, 131-33, 345 N.E.2d 493 (1976).

In March 1998, plaintiff filed a negligence action against defendant alleging that his driving caused an automobile accident with Stella Dorsey, who was insured by plaintiff under a policy that provided coverage for "property damages ***, medical payments and uninsured motorists coverage."  In the complaint, plaintiff alleged that the collision caused damages to Dorsey's car in the amount of $8,353.21.  The complaint also alleged that plaintiff had paid "the sum of $8,799.50 in uninsured motorist benefits and medical bills" to Dorsey and on her behalf.  In both the caption of the complaint and the prayer for relief, plaintiff sought judgment for damages in the amount of $9,152.71, plus costs.  

In August 1998, the trial court assigned the case to mandatory arbitration.  An arbitration hearing was held in October 1998.  The arbitration panel found in favor of plaintiff and awarded it $17,161.46 in damages.  The award noted that defendant failed to appear at the hearing "pursuant to Plaintiff's Rule 237 Notice, and there was no prejudice to Plaintiff."  A court date for judgment on the award was set for December 1998. 

Defendant filed a timely notice of rejection of the award, and in December 1998 the court set a jury trial for March 1999.  On the date set for trial, plaintiff filed a motion to bar defendant's rejection of the award based solely on defendant's failure to appear at the arbitration hearing.  In its motion, plaintiff alleged that defendant had been served with a Rule 237 notice to appear and that he failed to file a motion to excuse his appearance or continue the hearing.  In response, defendant alleged that he was "present through counsel" at the hearing and his attorney participated in good faith and in a meaningful manner.  The trial court granted plaintiff's motion and entered judgment on the award.

Defendant filed a postjudgment motion seeking vacation or remittitur of the award.  He argued that the award was almost double the amount sought in the complaint and exceeded the total contained in plaintiff's Rule 90(c) packet.  Defendant further argued that the award was unreasonable because his request for additional discovery had been denied and plaintiff had never amended its complaint.  In denying defendant's motion and upholding the arbitration award, the court entered an order finding that the complaint was "sufficient as to the amount sought in the paragraphs & body of the complaint," and granting plaintiff's oral motion to amend the complaint to match the proofs.  The order further stated that defendant had notice of the amount of damages sought and, "by answering *** and exchanging discovery and pre-arbitration matters[,]" could not claim that he lacked notice. 

On appeal, defendant contends that the trial court erred in debarring his rejection of the arbitration award.  He contends that such a drastic sanction was unwarranted because plaintiff suffered no prejudice as a result of his absence from the hearing.  In conjunction with this argument, defendant contends that the court could have imposed alternative sanctions that would have been less harsh, such as barring his testimony at trial or assessing fees and costs.

Where a party to mandatory arbitration proceedings appeals from sanctions imposed, the standard of review is an abuse of discretion.  
State Farm Insurance Co. v. Kazakova
, 299 Ill. App. 3d 1028, 1031, 702 N.E.2d 254 (1998).  An abuse of discretion occurs when the trial court rules arbitrarily.  
Johnson v. Saenz
, 311 Ill. App. 3d 693, 697, 725 N.E.2d 774 (2000).

Supreme Court Rule 90 provides that a party may be debarred from rejecting an arbitration award for failing to comply with a notice pursuant to Rule 237(b).  166 Ill. 2d R. 90(g); 166 Ill. 2d R. 237(b).  This sanction may be imposed when the party fails to be present either in person or by counsel at the arbitration hearing, and where the arbitration panel finds that the party failed to participate in good faith and in a meaningful manner.  145 Ill. 2d R. 91; see 
West Bend Mutual Insurance Co. v. Herrera
, 292 Ill. App. 3d 669, 674, 682 N.E.2d 645 (1997).  A party who appears at the arbitration hearing through counsel, but not in person, may still be debarred from rejecting the award for failure to appear pursuant to a Rule 237 notice.  
Gore v. Martino
, 312 Ill. App. 3d 701, 703, 728 N.E.2d 495 (2000); 
Hinkle v. Womack
, 303 Ill. App. 3d 105, 111, 707 N.E.2d 705 (1999).

In reviewing the imposition of the sanction of debarment, courts have considered the circumstances of the case and the purpose of the supreme court rules on the arbitration process, which is to prevent abuse and uphold the integrity of the process.  See 
Johnson
, 311 Ill. App. 3d at 697.  Courts have also considered whether there was a "deliberate and pronounced disregard" for the rules or the court.  
Gore
, 312 Ill. App. 3d at 704.  This court has held that the trial court abused its discretion in imposing the sanction of debarment where a party's failure to appear in person at the arbitration hearing was reasonable and not intended to make a mockery of the arbitration proceedings.  
Johnson
, 311 Ill. App. 3d at 698-99 (reversing debarment where the defendant, who did not appear pursuant to a Rule 237 notice, did not have a fluent command of English and claimed to have been misdirected to the courthouse); see also 
Gore
, 312 Ill. App. 3d at 704-05 (reversing debarment where the plaintiffs appeared in person but arrived late at the hearing).  Further, courts have reversed orders of debarment where parties have appeared at the arbitration hearing, but were found to have failed to participate in the hearing in good faith.  
State Farm
, 299 Ill. App. 3d at 1030-34 (reversing debarment where the arbitration panel had found that the defendant, who appeared but did not speak English, failed to participate in good faith); 
West Bend
, 292 Ill. App. 3d at 672-77 (reversing debarment where the trial court had found bad faith participation of a non-English-speaking defendant who failed to testify or provide an interpreter).

In the instant case, we note initially that defendant did not provide this court with transcripts of either the arbitration hearing or the trial court hearing on his postjudgment motion. See 
Foutch v. O'Bryant
, 99 Ill. 2d 389, 391-92, 459 N.E.2d 958 (1984).  However, the record is sufficient to address defendant's contention of error.

The record shows that neither the arbitration panel, nor the trial court, found defendant's failure to appear in person at the arbitration hearing constituted a failure to participate in good faith or a meaningful manner.  However, such a finding is not a prerequisite to debarring rejection of the arbitration award. 
Hill v. Joseph Behr & Sons, Inc.
, 293 Ill. App. 3d 814, 817, 688 N.E.2d 1226 (1997).  Therefore, the mere absence of a bad faith finding is not dispositive here.

However, the record here further shows that the arbitration panel made a specific finding in its award that "there was no prejudice to Plaintiff[,]" despite defendant's absence from the hearing. 
 On this basis, the instant case is distinguishable from 
Hinkle
.  In 
Hinkle
, the defendant's counsel appeared at the arbitration hearing, but the defendant did not.  The 
Hinkle
 court, in affirming the trial court's sanction of debarment, found that "the fact that [the] defendant was not found to have participated in the arbitration hearing in bad faith [did] not detract from [the] defendant's failure to participate [through her counsel] as an adverse party," 
i
.
e
., "to test plaintiff's case at all."  
Hinkle
, 303 Ill. App. 3d at 112.  The 
Hinkle
 court also rejected the defendant's argument, as defendant argues here, that the plaintiffs were not prejudiced by the defendant's failure to appear.  
Hinkle
, 303 Ill. App. 3d at 114.  Unlike 
Hinkle
, however, defendant's argument here is supported by more than the mere absence of a bad faith finding by the arbitration panel; it is supported by the panel's explicit finding that plaintiff was not prejudiced by defendant's absence.

Further, nothing in the record indicates that the trial court considered any basis for the sanction other than defendant's failure to appear pursuant to Rule 237.  Although the trial court is not generally required to state the basis of its ruling, since there was a specific finding of the absence of prejudice to plaintiff, the court's order imposing debarment disregarded the absence of prejudice finding of the arbitration panel and, therefore, was arbitrary.  Because the trial court acted arbitrarily, we find that it abused its discretion in debarring defendant from rejecting the award.  Accordingly, we reverse the trial court's order imposing debarment.  Based upon our holding, we need not address defendant's remaining arguments.

For the reasons stated, we reverse the judgment of the circuit court and remand this cause for further proceedings.

Reversed and remanded.

HALL, P.J., and CERDA, J., concur.