No. 1-01-2838

STATE FARM INSURANCE COMPANY,    ) Appeal from the 

 ) Circuit Court of

Plaintiff-Appellant, ) Cook County.

)

v. ) No. 99 M 116779

)

ROBERT L. HARMON, ) Honorable

) John G. Laurie,

Defendant-Appellee. ) Judge Presiding.

Modified Upon Motion For Modification

JUSTICE REID delivered the opinion of the court:

Following mandatory arbitration in a subrogation action for damage to the vehicle of plaintiff's insured, an award was entered in favor of plaintiff State Farm Insurance Company and against defendant Robert L. Harmon.  Defendant rejected the award, and the circuit court subsequently barred plaintiff from presenting testimony or evidence at trial and entered summary judgment for defendant Robert L. Harmon.  On appeal, plaintiff contends the trial court abused its discretion in finding that plaintiff did not participate in the arbitration hearing in a meaningful manner.  Plaintiff further contends that both defendant's notice to produce plaintiff and the trial court order imposing sanctions were invalid for lack of specificity.  For the following reasons, the judgment of the circuit court is vacated and the cause is remanded for further proceedings consistent with this opinion.

THE FACTS

Plaintiff filed a subrogation action against defendant for allegedly damaging the vehicle of plaintiff's insured, Giovanni Licciardi.  In its complaint, plaintiff alleged that on September 30, 1996, defendant's motor vehicle struck and damaged Licciardi's vehicle on Montrose Avenue in Harwood Heights.  Plaintiff sought $1,890.75 in damages to the vehicle, plus costs.  There was no claim for damages relating to bodily injury.  

Because the request for damages did not exceed $30,000, the parties were required to participate in mandatory arbitration pursuant to Supreme Court Rule 86.  155 Ill. 2d R. 86.  See also, Cook Co. Cir. Ct. R. 18.3 (eff. August 1, 2001).  Defendant filed a notice to produce pursuant to Supreme Court Rule 237 notifying plaintiff to produce at the mandatory arbitration hearing "Plaintiff(s) and Co-Defendant(s) at the commencement of the case in chief of Defendant(s) Robert L. Harmon."  166 Ill. 2d R. 237.  Plaintiff's counsel was present at the arbitration hearing, but plaintiff's insured was not present.  The arbitrators entered an award for plaintiff and against defendant in the amount of $1,890.75.  The record does not contain a transcript of the arbitration hearing.  Defendant filed a timely notice of rejection of the arbitration award and requested a trial.  

Defendant then filed a motion for sanctions pursuant to Illinois Supreme Court Rules 237 and 91(b) (166 Ill. 2d R. 237; 145 Ill. 2d R. 91(b)) seeking to bar plaintiff from testifying or producing any evidence at trial.  The motion alleged that "plaintiff" failed to appear despite a valid Rule 237 notice and produced no other witness who could testify to the merits of "his claim for bodily injury."  

Plaintiff filed a response, alleging that this was a subrogation action in which the plaintiff insurance company sought to recover $1,890.75 in property damage to its insured's vehicle caused when defendant "rear-ended" the vehicle.  Plaintiff alleged that it appeared at the arbitration through counsel and participated in good faith as evidenced by the award in its favor.  Plaintiff's response further alleged that defendant's Rule 237 notice to produce did not apply to plaintiff's insured, who was not a party to the subrogation and was not named in the notice.  Finally, plaintiff alleged that the Rule 237 notice did not designate any officer, director or employee of plaintiff to appear at the hearing.

Defendant did not file any pleading rebutting plaintiff's allegations.             

On May 1, 2001, the circuit court entered an order granting defendant's motion for sanctions, stating in part, "Defendant's motion to bar plaintiff from testifying or presenting evidence is, under the circumstances and based on the evidence presented to the court at hearing, granted in that plaintiff has failed to participate in the arbitration system in a meaningful manner under Supreme Court Rule 91(b)."  The court did not base the imposition of sanctions on Rule 237(b).    

Three days later, plaintiff filed a motion to reconsider or clarify the court's order of May 1, 2001.  Plaintiff argued that the court's order did not comply with the specificity requirement of Supreme Court Rule 219(c) (166 Ill. 2d R. 219(c)) because it did not state what "evidence" or "circumstances" it considered in imposing the sanction against plaintiff.  Plaintiff again alleged that it was present at the arbitration hearing through its attorney, and defendant's Rule 237 notice did not validly require the presence of either plaintiff's insured or any officer or employee of plaintiff.  Plaintiff alleged that it presented at arbitration the adverse witness testimony of defendant as well as a Rule 90(c) (166 Ill. 2d R. 90(c)) package of documents pertaining to damages.  The court denied plaintiff's motion to reconsider or clarify the order and subsequently granted defendant's motion for summary judgment. 

ANALYSIS

On appeal, plaintiff contends that the trial court abused its discretion in barring it from testifying or presenting evidence at trial because the record fails to support the court's finding that plaintiff did not participate in the arbitration in good faith and in a meaningful manner under Supreme Court Rule 91(b).

Supreme Court Rule 91(b) states that all parties to the 

arbitration hearing must participate in the hearing in good faith and in a meaningful manner.  145 Ill. 2d R. 91(b).  If an arbitration panel unanimously finds that a party has failed to participate in the hearing in good faith and in a meaningful manner, it should state its finding and factual basis on the award.  145 Ill. 2d R. 91(b).  Such a finding by an arbitration panel is considered 
prima
 
facie
 evidence that the party failed to participate in the arbitration hearing in good faith.  145 Ill. 2d R. 91(b).  Possible sanctions for a violation of Rule 91(b) may include barring the losing party from rejecting an award or barring a party from presenting evidence or testimony at trial.  145 Ill. 2d R. 91(b); 166 Ill. 2d R. 219(c).

A trial court's imposition of sanctions under Rule 91 will be reversed only where the court's decision represents an abuse of discretion.  
Goldman v. Dhillon
, 307 Ill. App. 3d 169, 172 (1999).  A party is required to participate in an arbitration hearing in good faith by subjecting the case to the type of adversarial testing expected at a trial.  
Martinez v. Gaimari
, 271 Ill. App. 3d 879, 883-84 (1995).  A party has acted in bad faith where its actions amount to a deliberate and pronounced disregard for the rules and the court.  
State Farm Insurance Co. v. Jacquez
, 322 Ill. App. 3d 652, 655 (2001).  Bad faith may consist of inept preparation or intentional disregard for the process.  
Schmidt v. Joseph
, 315 Ill. App. 3d 77, 83 (2000).  

 The record before us does not contain transcripts of the arbitration hearing or the hearings on defendant's motion for sanctions and plaintiff's motion to reconsider.  However, the record does reveal the following facts.  Plaintiff filed a subrogation action to recover property damages to its insured's vehicle allegedly sustained when defendant "rear-ended" the vehicle.  Plaintiff's unrebutted pleadings showed that it appeared at the arbitration through counsel, presented defendant as an adverse witness, and presented evidence of damages through a Rule 90(c) package.  Apparently, the arbitrators found this evidence persuasive and awarded plaintiff the full amount of damages claimed.  The arbitrators did not make a finding that plaintiff failed to participate in good faith, nor does the award indicate noncompliance with a Rule 237 notice to produce.

Defendant rejected the arbitration award, then filed a motion for sanctions in which he alleged that there was a bodily injury claim involved and that plaintiff's insured was the subject of a notice to produce.  Plaintiff filed a response stating that both of defendant's allegations were false.  Defendant did not file a reply.  Following a hearing on defendant's motion, the trial court found that based on the "circumstances" and "the evidence presented to the court at the hearing," plaintiff failed to participate in the arbitration in good faith.  Consequently, the court barred plaintiff from presenting any testimony or other evidence at trial.  Based on this sanction, the court later granted defendant's motion for summary judgment.

Plaintiff filed a motion asking the court to reconsider or clarify its order imposing sanctions.  The motion asked the court to state specifically what "circumstances" and "evidence" it considered in finding that plaintiff failed to arbitrate in good faith, where the arbitrators did not make such a finding and instead awarded plaintiff the full amount claimed.  The court denied the motion without comment.  The parties dispute whether the court was required to state with specificity the reasons supporting its decision to impose sanctions.  Regardless of whether it was required to do so, the court's refusal to state a basis for its decision left the record devoid of any reasons supporting the imposition of sanctions against plaintiff.  Under these circumstances, we conclude that the court abused its discretion in barring plaintiff from presenting testimony or other evidence in support of its claim at trial.   

Our recent decision in 
State Farm Insurance Co. v. Rodrigues
, 324 Ill. App. 3d 736 (2001), is on point.  In 
Rodrigues
, a subrogation action in which the defendant struck the parked and unoccupied vehicle of the plaintiff's insured, neither an employee of plaintiff nor plaintiff's insured was present at the arbitration.  The plaintiff's counsel presented both the defendant's adverse testimony and an arbitration package consisting of documentary evidence relating to damages and repairs.
  The arbitrators entered an award for plaintiff for the full amount of damages and did not make a finding that the plaintiff had failed to participate in good faith. 
 We held that, under the particular facts of that case, the record did not reflect that the plaintiff displayed a deliberate and pronounced disregard for the rules or the court, and the trial court abused its discretion in debarring the plaintiff from presenting evidence at trial.  
Rodrigues
, 324 Ill. App. 3d at 742.          

Defendant argues this case is distinguishable from 
Rodrigues
 in that here the insured witnessed the accident, whereas in 
Rodrigues
 the defendant struck the insured's parked and unoccupied vehicle.  
Rodrigues
, 324 Ill. App. 3d at 737.  Therefore, defendant argues, the testimony of the insured is essential to the type of testing expected at trial.  Nevertheless, defendant did not request the presence of the insured in his notice to produce.  Defendant cannot claim that he was prejudiced by the absence of plaintiffs' insured since he was responsible for requesting his appearance.  
Schmidt
, 315 Ill. App. 3d at 82.     

A review of cases relied on by defendant reveals that, unlike this case, in each instance the losing party failed to present any meaningful evidence at arbitration.  In 
Schmidt
, 315 Ill. App. 3d at 84, where the plaintiff was barred from rejecting the arbitration award, the record did not contain the plaintiff's Rule 90(c) information or show that the plaintiff's counsel elicited 
any
 evidence from the defendant on liability.  Here, the record supports plaintiff's claim that it presented sufficient evidence at arbitration and did not disregard the rules.  See also 
Goldman
, 307 Ill. App. 3d at 174 (defendant, though present, "did not participate in the hearing at any level"); 
Hinkle v. Womack
, 303 Ill. App. 3d 105, 112 (1999) (defendant's counsel "did not test plaintiff's case at all" and admitted negligence); 
Hill v. Joseph Behr & Sons, Inc.
, 293 Ill. App. 3d 814, 815 (1997) (plaintiff failed to submit any Rule 90(c) documents and presented no liability testimony);
 
Martinez
, 271 Ill. App. 3d at 883 (defendant failed to present any evidence to rebut plaintiff's case in chief)
.

Plaintiff next contends that the trial court's imposition of sanctions cannot be upheld on the basis that plaintiff violated Supreme Court Rule 237(b).  We note that the trial court's order does not state Rule 237(b) as a basis for its decision to impose sanctions, nor does defendant seek to uphold the court's order on that basis.  

Supreme Court Rule 237(b) provides that, "[t]he appearance at the trial of a party or a person who at the time of trial is an officer, director, or employee of a party may be required by serving the party with a notice designating the person who is required to appear."  166 Ill. 2d R. 237(b).  The court may order sanctions upon a failure to comply with the notice.  166 Ill. 2d R. 237(b).  Rule 91(a) provides that a party who fails to be present, either in person or through counsel, waives his right to reject an award.  145 Ill. 2d R. 91(a).

Because defendant's notice only requested "plaintiff(s)" and did not designate an employee to appear, plaintiff did not act in bad faith by appearing through its counsel.  Furthermore, defendant did not request the appearance of plaintiff's insured.  It should be noted, however, that Rule 237(b) would not reach plaintiff's insured because in this case the insured was not a party to the lawsuit.  Defendant bears the responsibility for any alleged insufficiency in adversarial testing because he failed to secure evidence in the appropriate fashion.  
Rodrigues
, 324 Ill. App. 3d at 742.           

CONCLUSION

For the foregoing reasons, the judgment of the circuit court is vacated, and the cause is remanded.  

Vacated and remanded.

CAMPBELL, P.J. and GREIMAN, J., concur.