# Illinois Official Reports

## Appellate Court

---

### *Accettura v. Vacationland, Inc.*, 2018 IL App (2d) 170972

---

| | |
|---|---|
| Appellate Court Caption | KIMBERLY ACCETTURA and ADAM WOZNIAK, Plaintiffs-Appellants, v. VACATIONLAND, INC., Defendant-Appellee. |
| District & No. | Second District<br>Docket No. 2-17-0972 |
| Filed | September 28, 2018 |
| Rehearing denied | November 27, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 14-CH-1467; the Hon. David R. Akemann, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Dmitry N. Feofanov, of ChicagoLemonLaw.com, P.C., of Lyndon, for appellants.<br><br>Lauryn E. Parks, Jennifer L. Friedland, and Daniel S. Porter, of Momkus McCluskey Roberts LLC, of Lisle, for appellee. |
| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.<br>Justices Birkett and Spence concurred in the judgment and opinion. |

**OPINION**

¶ 1    This case involves an allegedly defective recreational vehicle (RV) purchased by plaintiffs, Kimberly Accettura and Adam Wozniak, from defendant, Vacationland, Inc. Plaintiffs' complaint alleged revocation of acceptance and breach of implied warranty of merchantability and sought to recover the purchase price. The trial court granted summary judgment in favor of defendant. Plaintiffs argue that the trial court erred because (1) whether defendant had a reasonable opportunity to cure is a disputed issue of material fact, (2) the standards of the New Vehicle Buyer Protection Act (Act) (815 ILCS 380/1 *et seq.* (West 2016)) do not define "reasonableness" for claims that do not involve the Act, (3) defendant failed to establish its satisfaction of section 2-508(2) of the Uniform Commercial Code (UCC) (810 ILCS 5/2-508(2) (West 2016)), (4) an opportunity to cure is not a prerequisite for a claim under section 2-608(1)(b) of the UCC (*id.* § 2-608(1)(b)), and (5) the trial court relied on section 2-1203 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1203 (West 2016)) in striking their cross-motion to reconsider. For the following reasons, we affirm.

¶ 2                                I. BACKGROUND

¶ 3    On April 19, 2014, plaintiffs bought the RV, a new 2014 Palomino trailer, from defendant for $26,000.25. On April 25, 2014, plaintiffs took possession of the RV. In June 2014, plaintiffs discovered water leaking into the RV from the emergency-exit window. Plaintiffs brought the RV to defendant for repair; defendant repaired the RV to plaintiffs' satisfaction, at no charge.

¶ 4    In July 2014, during a trip to Michigan, plaintiffs discovered a different leak in the RV. During a rainstorm, water leaked into the dinette area, damaging the walls and causing electrical failure. Plaintiffs brought the RV to defendant for repair on July 14, 2014. Defendant told plaintiffs that the RV needed to be sent to the manufacturer for repair. Defendant told Wozniak that it could not estimate how long the manufacturer would take to repair the RV. On August 2, 2014, Wozniak verbally revoked acceptance of the RV. The manufacturer had the RV in repair from approximately August 4 through September 23, 2014. On September 28, 2014, plaintiffs' attorney sent defendant a letter revoking acceptance of the RV.

¶ 5                                A. Complaint

¶ 6    On October 29, 2014, plaintiffs filed a four-count complaint against defendant, alleging the following. Since they purchased the RV, it had experienced numerous mechanical problems, including (a) water leakage through a defective emergency-exit window, (b) water leakage through a defective dinette window, (c) water leakage into a paneled wall, (d) an inoperative electrical system, (e) and "generally massive water leaks," which "have the potential of causing mold and serious health issues." Further, these "defects cannot be repaired. The [RV] was in repair for almost the entire summer of 2014, and still has not been repaired properly. *** Prior to filing this suit, Plaintiff's [*sic*] revoked their acceptance of the RV and canceled their contract. *** Defendant refused to return Plaintiffs' money."

¶ 7    Plaintiffs sought damages under the following theories: revocation of acceptance, pursuant to section 2310(d) of the Magnuson-Moss Warranty Act (Magnuson-Moss Act) (15 U.S.C. § 2310(d) (2012)); breach of implied warranty of merchantability, pursuant to section 2310(d)

of the Magnuson-Moss Act; and revocation of acceptance and cancellation of contract, under sections 2-608(1)(b) and 2-711(1) of the UCC (810 ILCS 5/2-608(1)(b), 2-711(1) (West 2016)). They also sought to recover the purchase price, under section 2-711(1) of the UCC. Plaintiffs attached the following documents to their complaint: (1) the first page of the parties' contract for the sale of the RV, (2) an alleged expert's report regarding water leakage and mold, (3) the letter to defendant purporting to confirm the revocation of acceptance, and (4) rental rates for a 23-foot trailer.

¶ 8                                    B. Motion for Summary Judgment

¶ 9          On November 14, 2016, defendant filed a motion for summary judgment pursuant to section 2-1005 of the Code (735 ILCS 5/2-1005 (West 2016)). Defendant argued that plaintiffs' failure to give defendant a reasonable opportunity to cure was fatal to their claims, as a matter of law. Plaintiffs responded that there was a genuine issue of material fact regarding whether the RV was repaired within a reasonable time. Defendant replied that plaintiffs failed to rebut material facts set forth in defendant's motion.

¶ 10         On February 10, 2017, the trial court granted defendant summary judgment on all four counts of plaintiffs' complaint. The trial court stated that reasonableness is a question of fact but that, in this case, the record clearly showed that plaintiffs revoked acceptance sometime before August 2, 2014, which did not provide a reasonable time for defendant to cure.

¶ 11                                    C. Postjudgment Motions

¶ 12         On February 27, 2017, plaintiffs filed a motion to reconsider. On July 5, 2017, the trial court denied plaintiffs' motion in part, on counts I and II, and granted it in part, reinstating counts III and IV, brought under sections 2-608(b)(1) and 2-711(1) of the UCC. The court stated that, "while the [UCC] anticipated that the seller would be provided with a 'reasonable opportunity to cure,' the Court did not consider the substantial impairment standard."

¶ 13         On August 1, 2017, defendant filed a motion to reconsider. On September 6, 2017, plaintiffs filed a combined response to defendant's motion and cross-motion to reconsider. On November 27, 2017, the trial court granted defendant's motion and struck plaintiffs' cross-motion. The trial court determined that "a reasonable opportunity to cure is a threshold requirement for all attempts to revoke." The trial court stated, again, that plaintiffs "failed to provide a reasonable opportunity to cure." The trial court also stated: "Accordingly, as this court found originally in its February 10, 2017[,] Order, summary judgment was and is appropriate as to all counts."

¶ 14         Plaintiffs filed their notice of appeal on November 27, 2017.

¶ 15                                    II. ANALYSIS

¶ 16                                    A. Standard of Review

¶ 17         Our review of the trial court's grant of summary judgment is *de novo*. *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 Ill. 2d 307, 315 (2004). "Summary judgment is proper where, when viewed in the light most favorable to the nonmoving party, the pleadings, depositions, admissions, and affidavits on file reveal that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Id.*; see 735 ILCS 5/2-1005(c) (West 2016). A genuine issue of material fact exists when the material facts are

disputed or when the material facts are undisputed but reasonable persons might draw different inferences from those undisputed facts. *Carney v. Union Pacific R.R. Co.*, 2016 IL 118984, ¶ 25. "Although summary judgment can aid in the expeditious disposition of a lawsuit, it remains a drastic means of disposing of litigation and, therefore, should be allowed only where the right of the moving party is clear and free from doubt." *Williams v. Manchester*, 228 Ill. 2d 404, 417 (2008).

¶ 18     The movant bears the initial burden of production on a motion for summary judgment. *Williams v. Covenant Medical Center*, 316 Ill. App. 3d 682, 689 (2000). A defendant moving for summary judgment can meet its burden of production either by presenting evidence that, left unrebutted, would entitle it to judgment as a matter of law or by demonstrating that the plaintiff will be unable to prove an element of its cause of action. *Id.* at 688. Until the defendant supplies facts that would demonstrate its entitlement to judgment as a matter of law, the plaintiff may rely on the pleadings to create questions of material fact. *Id.* at 689. However, if the defendant presents such facts, the burden then shifts to the plaintiff to present some evidence supporting each element of his cause of action, thereby defining an issue of material fact to be determined at trial. *Id.*

¶ 19                                B. Reasonable Opportunity to Cure

¶ 20     Plaintiffs argue that whether defendant had a reasonable opportunity to cure is a disputed issue of material fact. Defendant contends that the trial court correctly determined that plaintiffs did not provide defendant with a reasonable opportunity to cure, as a matter of law.

¶ 21     Plaintiffs fail to inform us which counts of their complaint this argument addresses. Counts I and II alleged revocation of acceptance and breach of implied warranty of merchantability, pursuant to section 2310(d)(1) of the Magnuson-Moss Act. Section 2310(d)(1) allows a consumer to bring suit where he is "damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this [Act] or under a written warranty, implied warranty, or service contract." 15 U.S.C. § 2310(d)(1) (2012). However, "[n]o action *** may be brought under subsection (d) *** under any written or implied warranty or service contract *** unless the [warrantor] *** is afforded a reasonable opportunity to cure such failure to comply." *Id.* § 2310(e). The Magnuson-Moss Act does not define "reasonable opportunity to cure." Rather, it merely prescribes certain requirements with which a plaintiff must comply in order to recover under section 2310(d).

¶ 22     Accordingly, to determine the meaning of "reasonable opportunity to cure," we look to state law. See *Razor v. Hyundai Motor America*, 222 Ill. 2d 75, 86 (2006). The UCC does not define these terms. However, section 3(b) of the Act provides guidance:

> "(b) A presumption that a reasonable number of attempts have been undertaken to conform a new vehicle to its express warranties shall arise where, within the statutory warranty period,
>
> > (1) the same nonconformity has been subject to repair by the seller, its agents or authorized dealers during the statutory warranty period, 4 or more times, and such nonconformity continues to exist; or
> >
> > (2) the vehicle has been out of service by reason of repair of nonconformities for a total of 30 or more business days during the statutory warranty period." 815 ILCS 380/3(b) (West 2016).

¶ 23    Typically, reasonableness is a question of fact. See *Basselen v. GMC*, 341 Ill. App. 3d 278, 283-84 (2003) (citing *Magnum Press Automation, Inc. v. Thomas & Betts Corp.*, 325 Ill. App. 3d 613, 622 (2001)), *overruled on other grounds by Kinkel v. Cingular Wireless, LLC*, 223 Ill. 2d 1 (2006). When more than one inference could be drawn from undisputed facts, a triable issue exists, and summary judgment may not be granted. *Gordon v. Oak Park School District No. 97*, 24 Ill. App. 3d 131, 134 (1974). However, where, as here, undisputed facts give rise to a single inference, summary judgment should be granted. See *id.* at 135.

¶ 24    Here, on defendant's motion for summary judgment, plaintiffs were obligated to establish facts that would satisfy their burden of showing that they provided defendant with a reasonable opportunity to cure. The undisputed facts establish that plaintiffs brought the RV to defendant in June 2014 because water leaked into the RV from the emergency-exit window. Defendant repaired this problem to plaintiffs' satisfaction. In early July 2014, a separate and distinct problem arose in the RV during a rainstorm; significant water leaked into the dinette area, causing electrical-system and other problems. Plaintiffs brought the RV to defendant for repair on July 14, 2014, and revoked acceptance, "sometime before August 2, 2014."

¶ 25    Although a plaintiff need not prove his case at the summary judgment stage, he must present a factual basis that would arguably entitle him to a judgment at trial. *Bruns v. City of Centralia*, 2014 IL 116998, ¶ 12. Mere speculation, conjecture, or guess is insufficient to survive summary judgment. *O'Gorman v. F.H. Paschen*, *S.N. Nielsen, Inc.*, 2015 IL App (1st) 133472, ¶ 82.

¶ 26    Here, plaintiffs have failed to point to any authority or facts to support their assertion that their revocation of acceptance, approximately two weeks after asking defendant to repair the RV, was reasonable. Rather, the undisputed facts give rise to only one inference: plaintiffs failed to provide defendant a reasonable opportunity to cure. There is no genuine issue of material fact on this question. Accordingly, the trial court properly entered summary judgment in defendant's favor on counts I and II.

¶ 27                                C. The Act

¶ 28    Plaintiffs argue that the Act's standards do not define "reasonableness" for claims that do not involve the Act. Plaintiffs contend that the trial court erred by using the Act's language to determine the meaning of "reasonableness." We disagree with plaintiffs.

¶ 29    When interpreting a statute, it is appropriate and common for courts to refer to another statute by analogy. *McNamee v. Federated Equipment & Supply Co.*, 181 Ill. 2d 415, 424 (1998). The Act is related to the section of the Magnuson-Moss Act at issue here because both apply to " 'similar persons, things, or relationships.' " *Id.* at 424 (quoting 2B Norman J. Singer, Sutherland on Statutory Construction § 53.03, at 233 (5th ed. 1992)). For example, both acts address buyers and sellers of new motor vehicles and the remedies available to buyers when vehicles fail to conform. See, *e.g.*, 815 ILCS 380/3(b) (West 2016). Thus, the trial court's reference to section 3(b) of the Act, by analogy, was appropriate.

¶ 30                        D. Section 2-508(2) of the UCC

¶ 31    Plaintiffs argue that the trial court erred by entering summary judgment on counts I and II, because defendant failed to establish its satisfaction of section 2-508(2) of the UCC (810 ILCS 5/2-508(2) (West 2016)).

¶ 32    Defendant argues that plaintiffs forfeited this issue because they failed to raise it until their second motion to reconsider. However, the record indicates that plaintiffs raised this issue in their initial motion to reconsider and that the trial court considered it. Therefore, plaintiffs' argument is not forfeited.

¶ 33    We begin with the language of section 2-508, which provides:

> "Cure by Seller of Improper Tender or Delivery; *Replacement*. (1) Where any tender or delivery by the seller is rejected because non-conforming *and the time for performance has not yet expired*, the seller may seasonably notify the buyer of his intention to cure and may then within the contract time make a conforming delivery.
>
> (2) Where the buyer rejects a non-conforming tender which the seller had reasonable grounds to believe would be acceptable with or without money allowance the seller may if he seasonably notifies the buyer have a further reasonable time to *substitute a conforming tender*." (Emphases added.) *Id.* § 2-508.

¶ 34    Plaintiffs argue that defendant was required to cure by replacing the nonconforming RV with a new RV, pursuant to section 2-508(2) of the UCC. Plaintiffs cite *Belfour v. Schaumburg*, 306 Ill. App. 3d 234 (1999), to support their argument. However, in *Belfour* the defendants were not able to repair the vehicle, as it "was a total loss." *Id.* at 236. In this case, the RV was not a "total loss"; in fact, it had already been repaired before plaintiffs' attorney sent the letter confirming revocation and before plaintiffs filed suit. Therefore, *Belfour* does not support plaintiffs' argument.

¶ 35                       E. Opportunity to Cure Under UCC Section 2-608(1)(b)

¶ 36    Next, plaintiffs argue that the trial court erred by entering summary judgment in defendant's favor on counts I and III of their complaint because the trial court improperly determined that an opportunity to cure is a prerequisite for a claim under section 2-608(1)(b) of the UCC. Defendant argues that plaintiffs have forfeited this issue because they failed to raise it in the trial court. However, the record indicates that plaintiffs raised this issue in their initial motion to reconsider, but only as to count III. Because plaintiffs raise this issue as to count I for the first time on appeal, the issue is forfeited as to that count. *Hytel Group, Inc. v. Butler*, 405 Ill. App. 3d 113, 127 (2010) (arguments raised for the first time on appeal are forfeited). Thus, we consider plaintiffs' argument only as to count III.

¶ 37    Count III hinges on whether the trial court erred in finding that plaintiffs were required to provide defendant with an opportunity to cure prior to revoking acceptance. Section 2-608 of the UCC provides:

> "§ 2-608. Revocation of Acceptance in Whole or in Part.
>
> (1) The buyer may revoke his acceptance of a lot or commercial unit whose non-conformity substantially impairs its value to him if he has accepted it
>
> (a) on the reasonable assumption that its non-conformity would be cured and it has not been seasonably cured; or
>
> (b) without discovery of such non-conformity if his acceptance was reasonably induced either by the difficulty of discovery before acceptance or by the seller's assurances.
>
> (2) Revocation of acceptance must occur within a reasonable time after the buyer discovers or should have discovered the ground for it and before any

substantial change in condition of the goods which is not caused by their own defects. It is not effective until the buyer notifies the seller of it.

(3) A buyer who so revokes has the same rights and duties with regard to the goods involved as if he had rejected them." 810 ILCS 5/2-608 (West 2016).

¶ 38 Plaintiff contends that, although section 2-608(1)(a) requires an opportunity to cure, section 2-608(1)(b) does not. Plaintiff correctly notes that this is an issue of first impression.

¶ 39 When interpreting a statute, our primary objective is to ascertain and give effect to the legislature's intent. *Valfer v. Evanston Northwestern Healthcare*, 2016 IL 119220, ¶ 22. The best indication of the legislature's intent is the language used in the statute, which must be given its plain and ordinary meaning. *Id.*

¶ 40 Section 2-608(1)(b) does not specify whether the seller has a right to cure prior to a proper revocation of acceptance. However, in *Belfour*, 306 Ill. App. 3d at 241, this court rejected the argument that the seller did not have a right to cure before the buyer revoked acceptance under section 2-608. We stated that, "[u]nder the UCC, the buyer must allow the seller time to cure before invoking revocation of acceptance." *Id.* (citing *Collum v. Fred Tuch Buick*, 6 Ill. App. 3d 317 (1972)). We explained, "courts will resort to revocation of acceptance only after attempts at adjustment have failed." *Id.* at 242 (citing 810 ILCS Ann. 5/2-608(1)(a), Uniform Commercial Code Comment, at 380 (Smith-Hurd 1993)). We concluded that the buyer's revocation of acceptance was improper because the seller had offered a proper cure. *Id.* In addition, our supreme court has stated that "[r]evocation of acceptance is a form of equitable relief." *Mydlach v. DaimlerChrysler Corp.*, 226 Ill. 2d 307, 327 (2007).

¶ 41 In this case, the record clearly establishes that on July 14, 2014, plaintiffs asked defendant to cure the defects discovered during their trip to Michigan and defendant offered plaintiffs a proper cure. Plaintiffs revoked acceptance about two weeks later, knowing that the RV was going to the manufacturer to be repaired under the warranty. Thus, the material facts are undisputed and all reasonable minds would agree that plaintiffs failed to allow defendant a reasonable time to cure before their purported revocation, as a matter of law. See *Carney*, 2016 IL 118984, ¶ 25. Accordingly, the trial court properly determined that plaintiffs' revocation was improper under section 2-608(1)(b) of the UCC. Accordingly, the trial court properly granted summary judgment in defendant's favor as to count III.

¶ 42                                    F. Plaintiffs' Cross-Motion to Reconsider

¶ 43 Plaintiffs argue that the trial court erred by relying on section 2-1203 of the Code (735 ILCS 5/2-1203 (West 2016)) in striking their cross-motion to reconsider. We note that we may affirm on any basis appearing in the record, whether or not the trial court relied on that basis and even if the trial court's reasoning was incorrect. *Bank of New York v. Langman*, 2013 IL App (2d) 120609, ¶ 31.

¶ 44 Here, plaintiffs filed a combined "Response to Defendant's Motion to Reconsider and Cross-Motion (Second) to Reconsider." The trial court stated in its written order that it "considered the pleadings and arguments of counsel." Plaintiffs have failed to provide this court with a transcript of the hearing. Plaintiffs, as the appellants, had the burden to present a sufficiently complete record of the proceedings to support their claim of error. See *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391 (1984). As such, we presume that "the order entered by the trial

court was in conformity with [the] law and had a sufficient factual basis" *Id.* at 391-92.

¶ 45                                        III. CONCLUSION

¶ 46            For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 47            Affirmed.