2019 IL App (1st) 182458

FIRST DIVISION
July 8, 2019

No. 1-18-2458

| | | |
|---|---|---|
| TAMIKA HOBBS, | ) | Appeal from the Circuit Court of |
| | ) | Cook County |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 17 M1 300264 |
| | ) | |
| RHODADE MOWATT, | ) | |
| | ) | Honorable John A. O'Meara |
| Defendant-Appellee. | ) | Judge Presiding |

_____

JUSTICE GRIFFIN delivered the judgment of the court, with opinion.
Presiding Justice Mikva and Justice Walker concurred in the judgment and opinion.

**OPINION**

¶ 1 Plaintiff Tamika Hobbs failed to appear for a mandatory arbitration hearing despite being served with notice that she was required to appear. Based on her absence from the arbitration hearing, the trial court held that plaintiff was barred from rejecting the arbitration award that was rendered in her absence. She appeals, and we reverse and remand the case for further proceedings.

¶ 2 I. BACKGROUND

¶ 3 The facts are straightforward and are not disputed. This is a personal injury case that plaintiff Tamika Hobbs filed against defendant Rhodade Mowatt stemming from a motor vehicle accident between the parties. The matter was subject to nonbinding mandatory arbitration. Plaintiff, a resident of Metter, Georgia, had to travel to Chicago for the arbitration. She opted to

drive. The arbitration was scheduled for 8:30 a.m. on March 21, 2018.

¶ 4    At approximately 8:00 a.m. on the day the arbitration hearing was set to take place, plaintiff called her attorney and explained that her travels had been delayed because she got stuck in a snowstorm in Kentucky. She thus advised the attorney that she would be late for the arbitration. Her attorneys immediately drafted an emergency motion for an extension and spindled it for the earliest time they could present it to the circuit court, 9:00 a.m. that day. One attorney went to the circuit court to present the emergency motion at 9:00 a.m. and another attorney went to the 8:30 a.m. arbitration.

¶ 5    At the arbitration hearing, plaintiff's attorney told the arbitration panel about plaintiff's delayed travel, but went on to participate in the arbitration on her behalf, making arguments and questioning defendant. The arbitration hearing proceeded without incident in plaintiff's absence and concluded with the arbitration panel finding in favor of defendant. The panel explained that it did not find bad faith on plaintiff's part due to her absence because she appeared through counsel and had made an attempt to appear, but was delayed due to inclement weather.

¶ 6    At the same time the arbitration hearing was proceeding, another of plaintiff's attorneys presented her emergency motion for an extension in the circuit court. The emergency motion was denied because, by the time it was presented at 9:00 a.m., the arbitration proceedings had already begun. Plaintiff arrived in Chicago at 11:30 a.m., but had missed all of the relevant proceedings.

¶ 7    Thereafter, plaintiff timely filed a rejection of the arbitration award. In response, defendant filed a motion to debar plaintiff from rejecting the arbitration award on the basis of her failure to appear at the arbitration hearing as required by the Illinois Supreme Court Rules. Plaintiff submitted an affidavit in response to defendant's motion averring that the factual matters set forth above were true. Defendant does not dispute the veracity of any of the factual

matters asserted. The trial court found that plaintiff was not entitled to reject the arbitration award and was bound by it. She appeals that ruling.

¶ 8                                    II. ANALYSIS

¶ 9      Illinois Supreme Court Rule 237 provides that a party can be required to appear at a legal proceeding by serving the party with proper notice indicating that the person is required to appear. Ill. S. Ct. R. 237(b) (eff. July 1, 2005) (West 2018). Illinois Supreme Court Rule 90(g) expressly makes such a notice applicable to an arbitration hearing. Ill. S. Ct. R. 90(g) (eff. July 1, 2017) (West 2018). If a party fails to comply with a notice to appear at an arbitration hearing, the court may sanction the party for that noncompliance. *Id*. The court's imposition of a sanction for failing to appear at an arbitration hearing will not be disturbed unless the court abuses its discretion. *State Farm Mutual Automobile Insurance Co. v. Trujillo*, 2018 IL App (1st) 172927, ¶ 21.

¶ 10     Among the potential sanctions that the court may impose for a party's failure to comply with a notice to appear at an arbitration hearing is an order debarring the offending party from rejecting the arbitration award. Ill. S. Ct. R. 90(g) (eff. July 1, 2017) (West 2018); see also Ill. S. Ct. R. 91 (eff. June 1, 1993) (West 2018). It is within a trial court's authority to sanction a party who abuses the arbitration process by failing to appear by debarring that party from rejecting an arbitration award. *State Farm Ins. Co. v. Kazakova*, 299 Ill. App. 3d 1028, 1034 (1998).

¶ 11     Where a party does not appear, the attendance of counsel at an arbitration hearing preserves the right to reject an arbitration award. *Bachmann v. Kent*, 293 Ill. App. 3d 1078, 1081-82 (1997). However, the attendance of counsel by itself does not preclude the trial court from entering an order debarring a party from rejecting the award as a sanction. *Id*. at 1082. Instead, "[i]n reviewing the imposition of the sanction of debarment, courts have considered the

circumstances of the case and the purpose of the supreme court rules on the arbitration process, which is to prevent abuse and uphold the integrity of the process." *State Farm Insurance Co. v. Jacquez*, 322 Ill. App. 3d 652, 655 (2001).

¶ 12    The standard for a circuit court to apply when considering whether to debar a party from rejecting an arbitration award on the basis that the party failed to appear is whether the party's conduct amounts to a deliberate and pronounced disregard for the rules and the court. *State Farm Insurance Co. v. Rodrigues*, 324 Ill. App. 3d 736, 741 (2001). To avoid a finding of bad faith in an arbitration proceeding, the offending party has the burden to show that its noncompliance was reasonable or the result of extenuating circumstances. *Id*. "In considering whether an order debarring rejection would be an appropriate exercise of discretion, the court must decide whether the offending party intentionally disregarded the arbitration process." *United Automobile Insurance Co. v. Buckley*, 2011 IL App (1st) 103666, ¶ 44.

¶ 13    In consideration of the totality of the circumstances, plaintiff has made the requisite showing to demonstrate that her failure to appear was not in bad faith and that it did not amount to a deliberate disregard for the Rules or the court. To the contrary, in response to defendant's debarment motion, plaintiff presented evidence that she was delayed by an unexpected March snowstorm while she was driving from Georgia to Chicago for the arbitration. Plaintiff attempted to be in Chicago in accordance with the notice requiring her appearance, but her appearance was made untimely because of unforeseen circumstances. All indications from the record are that plaintiff was willing to and intending to participate. Then, once plaintiff realized that she was going to be late for the arbitration hearing, both she and her attorneys took reasonable steps to ameliorate the situation using the means at their disposal. Plaintiff even presented evidence that she arrived in Chicago just three or four hours late for the arbitration hearing.

¶ 14    Short of actually being present, plaintiff did nearly all that she could have reasonably done to comply with the Rules. Plaintiff timely contacted her attorney when she realized she would be late, an emergency motion was presented to the court, and her attorneys participated fully in the arbitration proceedings in her absence by presenting evidence and questioning defendant. We have held that the trial court abused its discretion in imposing the sanction of debarment where a party's failure to appear in person at the arbitration hearing was reasonable and not intended to make a mockery of the arbitration proceedings. See *Jacquez*, 322 Ill. App. 3d at 655. The record demonstrates that plaintiff and her attorneys acted reasonably in light of the circumstances and that debarment was not a proper sanction.

¶ 15    Defendant presented no evidence that plaintiff's absence was anything other than an unfortunate and unexpected weather delay that should be excused. Defendant argues that plaintiff should have anticipated potential bad weather and departed for Chicago sooner. To further that position, defendant points out that the notice requiring plaintiff's presence was served a year in advance. But defendant's argument mistakes the standard we are to apply in such circumstances. Even if plaintiff should have prepared better, her poor preparation was not shown to be and never found by the court or arbitration panel to be "a deliberate and pronounced disregard for the rules and the court."

¶ 16    Based on the evidence in the record, plaintiff took her obligation to appear at the arbitration hearing seriously and intended to comply. Plaintiff met her burden of presenting *prima facie* evidence that her noncompliance did not amount to a deliberate and pronounced disregard for the rules and the court, and defendant presented no evidence in response. The only conclusion that can be drawn from the record here is that plaintiff showed due respect for the arbitration panel, the court, and the Rules, but was delayed by circumstances beyond her control.

¶ 17 In addition, the record shows that neither the arbitration panel, nor the trial court, found plaintiff's failure to appear in person at the arbitration hearing constituted a failure to participate in good faith or in a meaningful manner. In fact, the arbitration panel expressly made a finding that it *did not* find bad faith on plaintiff's part due to her absence because she appeared through counsel and had made an attempt to appear, but was delayed due to inclement weather. Nowhere in the course of these proceedings has plaintiff been found to have acted in bad faith or to have shown a disregard for the process.

¶ 18 The record in this case is also silent as to any potential prejudice to defendant. On appeal defendant makes no argument to demonstrate how he might have been prejudiced by plaintiff's absence from the arbitration hearing. Defendant relies on plaintiff's absence alone as did the trial court when it made its ruling. The arbitration hearing went forward and there is no indication that the proceedings were affected by plaintiff's absence to defendant's detriment. The lack of prejudice is a consideration in determining whether debarment is the proper remedy for a party's failure to appear at an arbitration hearing. *Jacquez*, 322 Ill. App. 3d at 656. A debarment on the basis of a party's absence with nothing more may be found to be arbitrary and constitute an abuse of discretion. *Id*. at 656-57.

¶ 19 Defendant argues that plaintiff should have "checked the weather before traveling to the arbitration" and left her residence in Georgia earlier, "accounting for any weather conditions." Defendant concludes that plaintiff has not shown "how [her] noncompliance was reasonable or the result of extenuating circumstances." However, plaintiff did present evidence from which a reasonable person could conclude that her noncompliance was reasonable. Defendant presented no counter-evidence and the court did not hold an evidentiary hearing. See *Gershak v. Feign*, 317 Ill. App. 3d 14, 23 (2000). Whether plaintiff's conduct was reasonable is a question of fact.

*Accettura v. Vacationland, Inc.*, 2018 IL App (2d) 170972, ¶ 23; *Lindquist v. Chicago & Northwestern Transportation Co.*, 309 Ill. App. 3d 275, 283 (1999). The trial court made no factual finding on that issue, nor did it make any findings at all, such as that plaintiff did not act in good faith. See *Givens v. Renteria*, 347 Ill. App. 3d 934, 940 (2003) (where a determination to impose sanctions is made without an evidentiary hearing and is based upon papers in the record, the trial court's decision is not entitled to deference on review).

¶ 20    We refuse to hold, and precedent would not support a holding, that the mere failure to appear at an arbitration hearing when demand has been served constitutes bad faith and justifies barring the offending party from rejecting an arbitration award as a matter of law. Courts are required to examine the totality of circumstances. *Jacquez*, 322 Ill. App. 3d at 655.  In this case, the attestations in plaintiff's affidavit are unrebutted and uncontested, and the only reasonable conclusion that can be drawn from the record is that plaintiff acted in good faith despite her absence from the arbitration hearing. She should not have been precluded from rejecting the arbitration award.

¶ 21                              III. CONCLUSION

¶ 22    Accordingly, we reverse, and we remand the case to the circuit court for further proceedings.

¶ 23    Reversed and remanded.